[Civ. No. 47641. Second Dist., Div. Two. May 25, 1976.]

RONNIE J. SCHRIMSCHER, Plaintiff and Appellant, v.
THOMAS K. BRYSON, Defendant and Respondent;
STATE COMPENSATION INSURANCE FUND,
Intervener and Appellant.

## COUNSEL

Greenberg & Panish and Joel Dwork for Plaintiff and Appellant.

T. Groezinger, James J. Vonk, Arthur Hershenson, George S. Bjornsen and Louis L. Fayne for Intervener and Appellant.

Early, Maslach, Boyd & Leavey and Harry Boyd for Defendant and Respondent.

## OPINION

**COMPTON, J.**—Plaintiff appeals from a summary judgment in favor of defendant. The ruling on the motion for summary judgment was based on a stipulation of the following facts.

Defendant, while traveling on Interstate 405 (San Diego Freeway) was involved in a collision with another vehicle. Defendant was intoxicated and his negligence was the cause of the accident.

Shortly after the accident, plaintiff, who was on duty as a member of the California Highway Patrol, spotted defendant's damaged car sitting

partially off the 10-foot-wide shoulder. Plaintiff parked his patrol vehicle on the shoulder and proceeded to investigate. At plaintiff's direction defendant moved his vehicle to a position where it was completely off the freeway. In response to plaintiff's inquiry, defendant indicated that he had been in a collision and as a result another car had gone over the embankment.

Plaintiff went down the embankment to determine if there were any injuries to the occupants of the other vehicle. Upon determining that there were no such injuries he returned to the shoulder of the freeway. Defendant was at this time in the back seat of a highway patrol car, handcuffed and under arrest.

Plaintiff went to his patrol car to call for a tow truck. After completing that call and within 20 minutes of the original accident, a car driven by a Mr. Shelton veered off the freeway and struck defendant's car, which was still parked on the shoulder. Mr. Shelton was also under the influence of an alcoholic beverage. As a result of this latter impact defendant's car was knocked into plaintiff injuring him severely.

The trial court concluded as a matter of law that because defendant had been physically removed from the scene and handcuffed, his previous negligence was not a proximate cause of plaintiff's injuries.

■ Summary judgment may be entered only when no triable issue of fact is presented. If any triable issue of fact exists, it is error for the trial court to grant a party's motion for summary judgment. (*Robinson* v. *City and County of San Francisco,* 41 Cal.App.3d 334 [116 Cal.Rptr. 125]; *Hicks* v. *Bridges,* 152 Cal.App.2d 146 [313 P.2d 15].) Because of the drastic nature of summary judgment procedure it should be used with caution. (*Whaley* v. *Fowler,* 152 Cal.App.2d 379 [313 P.2d 97].) We conclude, however, that no triable issue of fact exists here and the question presented is one of law. Hence, summary judgment was the proper procedure for resolution of the issue. (*Hardy* v. *Hardy,* 23 Cal.2d 244 [143 P.2d 701]; *Reiner* v. *Hermann,* 79 Cal.App.2d 543 [180 P.2d 385].)

The direct and efficient cause of plaintiff's injury was the action of Shelton in negligently, and while intoxicated, driving his car into defendant's vehicle. Plaintiff's theory, of course, is that defendant's antecedent negligence caused plaintiff to be in the situation which

exposed him to the peril of Shelton's action, and thus, plaintiff contends, defendant's negligence was also a "cause" of the injury.

■ An intervening cause which breaks the chain of causation from the original negligent act is itself regarded as the proximate cause of the injury and relieves the original negligent actor of liability. (65 C.J.S. Negligence § 111(1); 2 Rest.2d Torts, § 440.)

■ The general test of whether an independent intervening act, which operates to produce an injury, breaks the chain of causation is the foreseeability of that act. (*Custodio* v. *Bauer,* 251 Cal.App.2d 303 [59 Cal.Rptr. 463, 27 A.L.R.3d 884].)

An act is not foreseeable and thus is a superseding cause of the injury "if the independent intervening act is highly unusual or extraordinary, not reasonably likely to happen . . . ." (4 Witkin, Summary of Cal. Law (8th ed.) Torts, § 628, citing cases.)

■ Generally speaking the determination of whether the intervening act is foreseeable is a question of fact unless under the undisputed facts there is no room for a reasonable difference of opinion. (2 Rest.2d Torts, § 453, com. b; also see Prosser, Law of Torts (4th ed.) § 45; *Klopfenstein* v. *Rentmaster Trailer Co.,* 270 Cal.App.2d 811 [76 Cal.Rptr. 126].)

We conclude that under the undisputed facts here there can be no reasonable difference of opinion as to the foreseeability of the intervening act. The action of Shelton could not reasonably have been anticipated by defendant at the time of his initial negligence and as a matter of law the chain of causation was broken.

"Liability cannot be predicated on a prior and remote cause which merely furnishes the condition or occasion for an injury resulting from an intervening unrelated and efficient cause, even though the injury would not have resulted but for such condition or occasion; . . ." (65 C.J.S., Negligence, § 111(4).)

Shelton's conduct, which itself was criminal in nature, was not a natural or ordinary consequence of the situation created by defendant nor was the foreseeability of the likelihood of that conduct one of the

factors contributing to the negligent character of defendant's conduct. (See *Benard* v. *Vorlander,* 87 Cal.App.2d 436 [197 P.2d 42]; 2 Rest.2d Torts, § 448.)

Of course whenever one is involved in an accident it is to be expected that traffic officers will arrive on the scene to investigate. That situation is foreseeable even in the most ordinary type of automobile collision.

A California highway patrolman's primary duties of issuing citations and investigating accidents frequently, if not generally, places him in the hazardous situation of being afoot on the roadway and shoulders near passing highspeed traffic.

It would be an unwarranted extension of liability to hold that when a traffic officer, who is issuing a citation, investigating an accident or performing other of his duties, is injured as a result of the negligence or criminal conduct of one person, liability may be imposed on the original traffic violator whose conduct brought the officer to the scene.

Of course, under certain circumstances a traffic officer in the performance of his duties might be called upon to take action to effect a rescue of persons in peril as a result of a traffic collision and in such instances the "rescue" doctrine could be applicable.

That doctrine is described in *Solgaard* v. *Guy F. Atkinson Co.,* 6 Cal.3d 361, at page 368 [99 Cal.Rptr. 29, 491 P.2d 821], as follows: "[I]f defendant creates a situation of peril for one person (the victim), defendant properly may be charged with having proximately caused not only that peril but also the rescue and any injury suffered during its course."

Here the plaintiff was not engaged in a rescue to save life or limb but was simply discharging his duty to investigate the accident. In that activity his situation is comparable to that of the fireman who is injured fighting a fire. In *Giorgi* v. *Pacific Gas & Elec. Co.,* 266 Cal.App.2d 355 [72 Cal.Rptr. 119], it was held that a paid fireman has no cause of action against one whose *passive negligence* caused the fire in which he was injured.

*Giorgi* was cited with approval in *Solgaard, supra,* at page 369, and the rule was there broadened to include other persons whose occupations by their nature expose them to particular risks of harm. While violations of

traffic laws, especially that of drunk driving, are more culpable conduct than *passive* negligence, the policy considerations underlying the above stated rule dictates that under the stipulated facts of this case defendant should not be held liable for the officer's injuries.

The judgment is affirmed.

Fleming, Acting P. J., and Beach, J., concurred.

The petition of the plaintiff and appellant for a hearing by the Supreme Court was denied July 21, 1976.