[Civ. No. 55270. Second Dist., Div. Two. May 25, 1979.]

CHARLES BIGBEE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
WESTERN ELECTRIC COMPANY, INC., et al.,
Real Parties in Interest.

COUNSEL

Binder & Cacciatore and Thomas P. Cacciatore for Petitioner.

No appearance for Respondent.

Lawler, Felix & Hall, J. Richard Morrissey, Mark V. Berry, Steven J. Miller, Robert M. Ralls and Bart Kimball for Real Parties in Interest.

OPINION

**FLEMING, J.**—Proceeding in mandate to require respondent court to vacate its order sustaining without leave to amend the demurrers of defendants and real parties in interest to the second amended complaint of plaintiff-petitioner. We granted an alternative writ.

FACTS

At 12:20 a.m. on November 2, 1974, plaintiff-petitioner Charles Bigbee was in a telephone booth at 2208 Century Boulevard, Inglewood, California, making a telephone call, when, according to plaintiff's pleadings, the booth was struck by a 1972 Ford automobile driven by an intoxicated Leola North Roberts. Plaintiff brought an action against Roberts for negligent driving; an action against Hollywood Turf Club, Inc., and others, for serving quantities of alcoholic beverages to Roberts at a time they knew she was intoxicated and would soon be driving a vehicle on the highway; and an action against real parties, the Pacific Telephone and Telegraph Company, Western Electric Company, Inc., and others, for negligent and defective design, location, and maintenance of the telephone booth. Only this last cause of action is before us. Plaintiff's second amended complaint alleges that Bigbee saw the vehicle about to strike the telephone booth, attempted to flee the booth, but was prevented from doing so by the faulty design, fabrication, maintenance, control, and repair of the booth by real parties in interest; that as a result of the impact Bigbee sustained multiple injuries, including loss of a leg. Plaintiff additionally pleads that the telephone booth was improperly sited by real parties in that it was placed too close to a stream of habitually speeding, dangerous traffic, which real parties knew or should have known presented an unreasonable risk of harm to users of the booth. Pacific Telephone and Western Electric are alleged to have been responsible for ownership, installation, service, design, manufacture, maintenance, control, repair, and location of the telephone booth.

The verified demurrers and answers filed by real parties Pacific Telephone and Western Electric allege that plaintiffs' original complaint filed in October 1975 raised the question of the location of the booth but did not mention the faulty door. In plaintiff's second amended complaint filed August 1978, the present claims were made and real parties demurred upon grounds that, (i) plaintiff had not stated a cause of action either in negligence or in product liability because of lack of proximate cause; (ii) no product liability existed because Pacific Telephone and Western Electric furnished only a "service" and not a "product," in that the booth was merely a structure in which the "service" was furnished; (iii) plaintiff failed adequately to plead negligence; and (iv) plaintiff's complaint was defective for uncertainty. The superior court sustained the general demurrers without leave to amend, and this petition followed. Subsequent to the issuance of our writ, real parties obtained a judgment dismissing them from the cause.

## DISCUSSION

■ Improper siting of a telephone booth in a potentially dangerous location can amount to actionable negligence. (*Schwartz* v. *Helms Bakery Limited* (1967) 67 Cal.2d 232 [60 Cal.Rptr. 510, 430 P.2d 68]; *Mann* v. *State of California* (1977) 70 Cal.App.3d 773, 777 [139 Cal.Rptr. 82].) Whether one or both of the real parties is liable for such conduct—if it occurred—presents a facutal question which is not before the court. Similarly, defects in the creation and maintenance of the booth itself may give rise to tort liability. (*Campbell* v. *Southern Pacific Co.* (1978) 22 Cal.3d 51, 56 [148 Cal.Rptr. 596, 583 P.2d 121].) Such defects have been pleaded.

■ The real dispute on demurrer between plaintiff and real parties involves the issue of independent intervening act and foreseeability. Causes such as *Gibson* v. *Garcia* (1950) 96 Cal.App.2d 681 [216 P.2d 119], favor plaintiff, while causes such as *Schrimscher* v. *Bryson* (1976) 58 Cal.App.3d 660 [130 Cal.Rptr. 125], favor real parties.

In *Schrimscher, supra,* this court affirmed the entry of a summary judgment, not the sustention of a demurrer to a pleading without leave to amend, in a cause in which plaintiff Schrimscher, an officer of the California Highway Patrol, saw defendant Bryson's vehicle stopped partially off the 10-foot-wide shoulder of the San Diego freeway. Bryson had been involved in a collision with another vehicle, which had gone over the embankment. Schrimscher directed Bryson to move his vehicle entirely off the freeway, then arrested and handcuffed an apparently intoxicated Bryson, and placed him in the back seat of the patrol vehicle. After checking the vehicle over the embankment, Schrimscher called for and awaited the arrival of a tow truck. Within 20 minutes of the original accident, a car driven by Shelton, also under the influence of alcohol, hit Bryson's vehicle, driving it into Schrimscher and injuring him. The trial court granted summary judgment for defendant Bryson concluding as a matter of law that because the defendant had been physically removed from the scene and handcuffed, his prior negligence was not a proximate cause of plaintiff Schrimscher's injuries. We affirmed, taking the view this was an instance of antecedent negligence interrupted by an independent intervening act which was not reasonably foreseeable. (*Fish* v. *Los Angeles Dodgers Baseball Club* (1976) 56 Cal.App.3d 620 [128 Cal.Rptr. 807]; *Sanders* v. *Atchison, Topeka & Santa Fe Ry. Co.* (1977) 65 Cal.App.3d 630 [135 Cal.Rptr. 555].)

In *Gibson* v. *Garcia, supra,* (1950) 96 Cal.App.2d 681, plaintiff appealed a judgment in favor of defendant Los Angeles Transit Lines following an order sustaining its demurrer to plaintiff's complaint for personal injuries without leave to amend. Los Angeles Transit Lines maintained wooden poles adjacent to the curbing on Whittier Boulevard. Ada Gibson was standing on the sidewalk near one of these poles when a 1938 Plymouth automobile negligently driven by Paul Garcia collided with the pole. The pole broke a short distance above ground, and its fall severely injured Ms. Gibson. The allegations of the complaint against Los Angeles Transit Lines were in many respects similar to the allegations in the present case against Pacific Telephone and Western Electric. It was asserted that Los Angeles Transit Lines carelessly maintained the pole in a rotten condition and that it knew or should have known of the pole's condition; that Whittier Boulevard was a main and heavily traveled highway used daily by thousands of automobiles; that Los Angeles Transit Lines should have anticipated that accidents would occur upon the highway and that automobiles might run over the curbing and strike the pole; that in its weakened condition the pole constituted a hazard to persons on the sidewalk, a hazard which, in concurrence with the negligence of Garcia, caused injuries to the plaintiff.

Los Angeles Transit Lines, presenting arguments similar to those made here by Pacific Telephone and Western Electric, asserted that the impact of Garcia's car was an unforeseeable independent intervening act. The Court of Appeal did not agree stating: "It is well settled that proximate causation is not always arrested by the intervention of an independent force. If the original negligence continues to the time of the injury and contributes substantially thereto in conjunction with the intervening act, each may be a proximate concurring cause for which full liability may be imposed. [Citations.]" *(Gibson* v. *Garcia, supra,* 96 Cal.App.2d at p. 684.) The precise act need not necessarily be foreseeable, said the court, citing *Taylor* v. *Oakland Scavenger Co.* (1941) 17 Cal.2d 594, 602 [110 P.2d 1044], *Carroll* v. *Central Counties Gas Co.* (1925) 74 Cal.App. 303 [240 P. 53], and Restatement of Torts, section 435, for the proposition that when an actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from becoming liable. The court concluded that the unforeseeability of the act of the intervening agency does not always provide a reliable criterion of nonliability.

The proper classification of an intervening act as a concurrent cause or as a superseding cause presents a question of fact, which sometimes may be resolved on motion for summary judgment, but less often can be resolved on demurrer. We think the allegations of the second amended complaint are sufficient to pass the test of general demurrer.

Let a peremptory writ of mandate issue requiring respondent court to vacate its order sustaining the general demurrers of Pacific Telephone and of Western Electric without leave to amend, to vacate its judgment of dismissal of real parties, and to enter a new and different order overruling the general demurrers.

Roth, P. J., concurred.

BEACH, J.—I dissent. The majority view extends the scope of duty to an extreme degree. That extension as applied in this case requires that any person who does business or otherwise invites others to his place of business must first determine the place least likely to be hit by an intoxicated driver's automobile. I submit that this is such an unreasonably high standard of duty as to be near illusory and impossible to meet. The result is that a pleader may succeed in framing a cause of action based purely on conjecture of possibility, rather than on the element of common sense foreseeability, simply by using the magic words "that defendant knew or in the exercise of reasonable care should have known" that plaintiff was likely to be hit by a drunken driver while plaintiff was using defendant's service. A common sense and practical attitude toward pleadings would make these allegations seem sham. The majority opinion suggests that if plaintiff does not have the facts to back up his claim, the matter can be brought up and the insufficiency of plaintiff's case exposed by motion for summary judgment. But it is not that easy. All that plaintiff need to do to keep his case alive in court is to present the statement of a so-called "traffic engineer" or other vehicular safety "expert." All that such statement need contain is that in the expert opinion it was unsafe to place the telephone booth at that location. The ready availability of such an expert with an opinion to support either side is of such a common occurrence now that we may well take judicial notice of it. We thus have a seeming genuine "question of fact." But the determination of the scope of duty in the first instance in a case such as this is and should remain a question of law. (*Nevarez* v. *Thriftimart*, 7 Cal.App.3d 799 [87 Cal.Rptr. 50].) I am unable to understand how defendant Pacific Telephone can know or how it should have known of the journey's end of an unaimed

missile which defendant Telephone Company had no part in launching. By illustrative comparison negligence of the tavern keeper in fueling an inebriate whom he knows has to travel down a hazardous mountain road is a substantial cause in bringing about the negligent inability of the inebriate to properly handle the automobile. The likelihood of injury to someone as the result of the combined acts of the tavern keeper and the inebriate is foreseeable. (*Vesely* v. *Sager,* 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151].)

Petitioner cites no authority establishing that as a matter of law there is a duty of a public utility to place its service or other public convenience at a particular location only after having made tests to determine the mathematical probabilities, if any, of possible harm from automobiles driven by drunken drivers. But that is the exact premise on which plaintiff's cause of action against Pacific Telephone Company rests. The authorities relied on by the majority do not support any such premise.

As explained by Prosser, the law is to the contrary. It is not negligence to expect that most people will drive properly. The risk of an unusual accident is not the test of foreseeability. Prosser states: "In general, where the risk is relatively slight, [the reasonable man] is free to proceed upon the assumption that other people will exercise proper care. It would not be easy to move traffic if motorists could not assume that other cars will keep to the right, and drive accordingly." (Prosser, Torts (4th ed. 1971) § 33, p. 171.) Thus it follows that one who establishes his business near a street cannot be held to a greater foreseeability of a drunken driver or of the infinite number of ways in which a drunken driver can cause harm. This is the situation at bench. By contrast, Prosser illustrates a different situation by the statement: "One who leaves another helpless in the highway, or forces a pedestrian to walk in the street, creates the risk that he will be struck." (Prosser, *supra,* § 33 pp. 171-172.) It is in this second type of situation that the cases of *Mann* v. *State of California,* 70 Cal.App.3d 773 [139 Cal.Rptr. 82], and *Schwartz* v. *Helms Bakery Limited,* 67 Cal.2d 232 [60 Cal.Rptr. 510, 430 P.2d 68], both relied upon by the majority, belong. Although there may be some cases that truly hold the act of merely locating a business near a city street is negligence, our research has produced no such case and plaintiff cites none. The cases cited by the majority in support of a similarly close proposition are totally inapplicable. In *Gibson* v. *Garcia,* 96 Cal.App.2d 681 [216 P.2d 119], the liability was based not on choosing of a location for the utility pole, but upon the negligence of the defendant in letting the pole itself become inherently dangerous. By contrast, the decision to place a telephone

booth at a location is conduct much different than knowingly keeping a rotting utility pole which is likely to break and fall and thus injure a user of the street or sidewalk. *Schwartz* v. *Helms Bakery Limited, supra,* 67 Cal.2d 232, is a case of enticement of a child into a zone of danger. In that case the pivotal and distinguishing fact is that a child was enticed to cross the street by the presence of the vendor's bakery truck. In addition, the child was also given directions by the truck driver to meet him again farther up the street, after the child was to run home to get his money and again cross the street. This was added affirmative conduct of defendant. In *Mann* v. *State of California, supra,* 70 Cal.App.3d 773, a California Highway Patrol officer came upon two stranded cars on a very dangerous place, the San Bernardino Freeway. He failed to advise the persons to get out of the area of danger. After speaking with them and ordering a tow truck, he left in his vehicle and thus left the motorist without his aid or the protection of his car's amber light. The motorist and passengers were left standing on the freeway and were subsequently hit by a negligent, half blind elderly driver confused as to his whereabouts. The decision in *Mann* merely holds that a directed verdict for the State of California was improper because the act of the officer could actually be the cause of placing and leaving the injured persons exposed to danger. The principle of *Schwartz* and of *Mann* is the same. That principle is that a defendant possessed of a superior knowledge and appreciation of the danger in each case affirmatively led the less informed reliant and unsuspecting plaintiff into danger.

The majority opinion discusses this case as one involving the issue of an independent intervening act and the issue of foreseeabilty thereof as questions of fact. I respectfully disagree. This is not a matter of an intervening act at all. The doctrine of intervening act as a defense does not arise until the duty to anticipate such an act first arises. It applies, as the authorities relied on by the majority recognize, only where there is original negligence of the defendant and that negligence contributes substantially to the injury; i.e., is the or a substantial factor in bringing about harm to the plaintiff. The majority opinion overlooks the fact that when the law says a person substantially contributes to the injury, the law is dealing with responsibility based on reasonable expectations and a common sense approach to fault, not physics. (Prosser, *supra,* § 44, p. 271.)

We accept as true factual allegations of a complaint when testing it against a demurrer. The complaint at bench states that the defendant knew or should have known that this harm would come to this plaintiff in

this manner. But this is truly no more than saying that the manner of injury by the intervening act of a drunken driving third party was foreseeable by defendant. The allegation of this kind of foreseeability is a mere legal conclusion. The complaint at bench is cast in a factual situation where at the outset there is disclosed no duty to foresee this particular conduct at the particular location. (*Nevarez* v. *Thrifimart, supra,* 7 Cal.App.3d 799.) It follows that to not foresee such event is not negligence. There is no question or problem of an intervening act. The intervening act poses an issue only after the defendant is negligent. (Generally see Prosser, *supra,* Intervening Causes, § 44, p. 270.)

We may take judicial notice that erratic as well as drunk drivers are not uncommon. They and their automobiles end their journeys at all kinds of places. They have been known to crash through walls of an endless list of places, including restaurants, stores, homes, churches, schools, gasoline stations, etc. In the present case the location of the telephone booth was a mere fortuitous circumstance. There was no luring of plaintiff into a false sense of security or belief that he was totally safe from carelessly driven automobiles. Defendant Telephone Company did not lure plaintiff into a place that had a foreseeable risk of harm of which the defendant Telephone Company alone knew. The overwhelming weight of authority is that the owner of premises or of property is not an insurer of the safety of the persons who might be thereon or using the place or property as business invitees. (65 C.J.S., Negligence, § 63 (45), p. 731.)

Accepting the proposition that plaintiff is an expected user of defendant Pacific Telephone Company's services and property, the duty to keep premises safe for such user applies only to defects which are in the nature of hidden dangers. Danger which the user cannot observe or appreciate and of which the defendant knows, or in the exercise of reasonable care should know exists, is the type of danger with which the owner's duty is concerned. The invitee assumes all normal and obvious risks. (65 C.J.S., Negligence, § 63 (53), p. 757.) Although California has eliminated the idea of measuring duty by the use of classes such as invitee, licensee [or trespasser,] (*Rowland* v. *Christian,* 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496]), and has eliminated the doctrine of assumption of risk when used as a form of defense of contributory negligence, (*Li* v. *Yellow Cab,* 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393]), the above stated rule of the owner's duty has not been changed where the conduct of the owner in no way legally contributes to the inherent danger or proximate cause of plaintiff's injury.

Irrespective of the formality of pleading by which plaintiff at bench attempts to avoid the foregoing legal principles, his allegation is nonetheless a conclusion of law. The pleadings do not allege any fact or facts to support the bare legal conclusion that, or to show how, the defendant Telephone Company had superior knowledge or ability to foresee danger at the exact spot where plaintiff was hit, than did the plaintiff who elected to use the location with no less knowledge of the surroundings. That knowledge is the knowledge of the fact of the presence of vehicular traffic from which came the direct, proximate and sole source of injury to plaintiff.

With reference to defendant Telephone Company's decision to place a booth at the particular location, plaintiff's cause of action would simply allow the jury to guess on an after-the-fact basis of one single accident. Plaintiff would have the jury speculate where else would have been a better place to locate a public telephone safe from the hazards of wildly driven automobiles and all other possible harm which may befall the user. No matter where the public utility or services are placed, in order to be useful, they cannot be made totally safe. All hazards cannot be eliminated.

By way of illustration, *Nevarez* v. *Thriftimart, supra,* 7 Cal.App.3d 799, explains that an owner of premises adjacent to a public highway has no control over those who use the public highways. It follows that the owners of such premises in close proximity to a busy highway cannot be held liable to injuries to his patrons who are injured by the negligent driver while the customer is on his way to or from the owner's store. It is clear that *Nevarez* v. *Thriftimart, supra,* is a more appropriate guide to this case than are the cases of *Schwartz* v. *Helms Bakery Limited, supra,* 67 Cal.2d 232, *Mann* v. *State of California, supra,* 70 Cal.App.3d 773, and *Gibson* v. *Garcia, supra,* 96 Cal.App.2d 681.

The matter at bench is not merely one of permitting an artful pleader to pursue an action against a defendant merely because the plaintiff uses the old trite expression that "defendant knew or in the course of reasonable care should have known of the danger to plaintiff." At bench, we deal with the threshold question: Is there a duty to protect plaintiff against that which is as obvious to plaintiff as it is to defendant? Whether a duty is owed in a given factual situation is a question of law for the court to determine. (*Nevarez* v. *Thriftimart, supra,* 7 Cal.App.3d 799.) We should therefore face the task directly and say positively as a matter of law: "There is no duty here to insure the safety of plaintiff against the

negligent acts of a third party automobile driver, over whom defendant Pacific Telephone has no control."

As to the alleged cause of action based on the theory of the "sticky door" (remembered approximately three years after the accident), it is enough to recognize that the unforeseeable destruction of a telephone booth in the manner here alleged is not a risk against which the phone booth was intended to protect. The purpose of a phone booth is not to provide a means of engaging in conduct which has a high probability of use in connection with vehicular traffic. It is not intended to be used in some activity that carries with it a high probability that it will be struck by an unaimed four-wheeled missile. The purpose and manner of its use are such that a hasty exit is not reasonably contemplated. Some things and places of incapsulation are provided with rapid ejection systems, as for example, jet fighter airplanes. It is not negligent to not expect a need for such immediate ejection from a phone booth.

Again, assuming plaintiff's allegation is true that the telephone booth was defectively manufactured by defendant Western Electric Company, Inc., both the type of harm and the manner in which the harm or injury occurred were both so unforeseeable that as a matter of law the defendant Western Electric Company should not be deemed liable. As to defendant Western Electric Company, this would be a case of true application of an intervening and superseding act even if defendant Western Electric Company had negligently manufactured the booth or the door. I would deny the writ.

A petition for a rehearing was denied June 21, 1979.