[Civ. No. 55769. Second Dist., Div. Three. Jan. 24, 1980.]

JOSE L. CLEMENTE, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

COUNSEL

Manuel Hidalgo for Plaintiff and Appellant.

George Deukmejian, Attorney General, Darlene E. Ruiz and Mark A. Weinstein, Deputy Attorneys General, for Defendants and Respondents.

OPINION

**COBEY, Acting P. J.**—Plaintiff, Jose L. Clemente, an incompetent person (by his guardian ad litem, Eloisa Clemente), appeals from a judgment of dismissal (Code Civ. Proc., § 581d) of his negligence action for damages as to the only nonfictitious defendants in the action, namely, State of California and Arthur E. Loxsom. This dismissal occurred following the sustaining, without leave to amend, of the general demurrer of these defendants to plaintiff's third amended complaint.

Our examination of the pertinent allegations of the third amended complaint and of the applicable law has led us to conclude that the demurrer should have been overruled and we will therefore reverse for reasons that follow.

*The Third Amended Complaint*

The pertinent factual allegations of this pleading are generally as follows. On or about January 27, 1975, about 3:50 p.m., plaintiff was struck by a westbound motorcycle while he was walking northbound on the west pedestrian crosswalk of 8th Street, at its intersection with Hartford Street, in the City of Los Angeles. Immediately after this accident, a highway patrol officer, namely, the aforementioned defendant, Arthur E. Loxsom, arrived at the scene in his patrol vehicle. The officer saw plaintiff crawling in the crosswalk in an attempt to reach the safety of the parkway and sidewalk. The officer also saw a male Caucasian pushing a motorcycle. The officer ordered this man to get his motorcycle off the roadway and to place it on the curb.

The officer then cleared the site of the accident of traffic and questioned the witnesses present. They told him that plaintiff was crossing 8th Street in the crosswalk from south to north. An unknown driver of a new van told the officer that he had stopped his vehicle to allow plaintiff to cross the street, but that a motorcyclist had not and had struck plaintiff. The motorcyclist admitted to the officer that his machine had struck plaintiff, but said that he had not seen him, presumably because of the presence of the van.[1]

---

[1] These alleged facts indicate that the traffic accident causing plaintiff's very severe physical injuries was occasioned by the motorcyclist's violation of Vehicle Code sections 21950, subdivision (a), and 21951.

One of the bystanders informed the officer that he had already called an ambulance for plaintiff. The officer nevertheless radioed his dispatcher, told him to get an ambulance to the site of the accident and also to notify the Los Angeles Police Department of the accident and request that they send out a traffic unit immediately. The officer thereafter left the scene of the accident without obtaining the identity of the motorcyclist.

The motorcyclist then apparently also left the scene of the accident. Both departures occurred before the arrival of the Los Angeles police. The motorcyclist has never been found,[2] and his disappearance has prevented plaintiff from effectively suing him for damages for the very serious injuries plaintiff sustained in the accident. The injuries left plaintiff in a semicomatose and incompetent condition thereafter.

*The Basis for the Trial Court's Ruling and our Disagreement Therewith*

■ The trial court sustained the general demurrer of the state and of the highway patrol officer on the basis that both of these defendants were immune from liability for the officer's negligence in not obtaining the identity of the motorcyclist in the course of his brief investigation of the accident, since such negligence merely constituted a failure to enforce a statute, presumably Vehicle Code section 20003.[3] (See Gov. Code, §§ 818.2, 821.) This conclusion is premised on the assumption that an investigation of a traffic accident by a highway patrol officer, pursuant to Vehicle Code section 2412,[4] constitutes law enforcement within the meaning of the Governmental Tort Liability Act.

---

[2]Many of the foregoing allegations of fact are pled on information and belief. The officer's questioning of the motorcyclist apparently occurred after he had summoned assistance.

The complaint thereafter refers to the detention and possible arrest of the motorcyclist, but there are no specific factual allegations substantiating either detention or arrest. Therefore we will disregard these references as surplusage.

Undoubtedly plaintiff should have alleged that reasonable diligence was employed in attempting to ascertain the identity of the motorcyclist.

[3]Vehicle Code section 20003 provides that the driver of any vehicle involved in an accident resulting in injury or death to any person shall, among other things, give his name, address, the registration number of the vehicle he is driving, and the name of its owner to any traffic or police officer present, and shall also exhibit his license to such officer at the scene of the accident.

[4]This section reads, and has read at all times material hereto: "All members of the California Highway Patrol may investigate accidents resulting in personal injuries or death and gather evidence for the purpose of prosecuting the person or persons guilty of any violation of the law contributing to the happening of such accident."

We do not think that it does. Broadly speaking, of course, an investigation by a highway patrol officer of a traffic accident, resulting in injury or death, to determine whether any violation of law contributed to the happening of the accident, is a law enforcement activity. It is a necessary preliminary step to the subsequent actual enforcement of the law that is found to have been violated. But to enforce a law normally means to compel obedience to the law by actual force, such as involuntary detention, arrest or punishment. (See *Meridian, Ltd.* v. *Sippy* (1942) 54 Cal.App.2d 214, 220 [128 P.2d 884]; 30 C.J.S., Enforce, p. 696.) An investigation, without a detention of significant duration, is a noncoercive activity and therefore is not, in our view, itself law enforcement.[5]

This narrow interpretation of the scope of the failure to enforce a law immunity granted in this case to the state by Government Code section 818.2, and to the highway patrol officer by section 821, is consistent with the restricted scope of the discretionary immunity (Gov. Code, § 820.2) and of the immunity for misrepresentation (Gov. Code, § 818.8) our Supreme Court enunciated in *Johnson* v. *State of California* (1968) 69 Cal.2d 782, 793-800 [73 Cal.Rptr. 240, 447 P.2d 352], and with that this panel gave to the lack of police protection immunity (Gov. Code, § 845) in *Mann* v. *State of California* (1977) 70 Cal. App.3d 773, 778-779 [139 Cal.Rptr. 82].

More importantly, the narrow scope accorded this immunity is what the California Law Revision Commission intended in creating it. Both versions of this immunity were enacted essentially as the commission recommended them.[6] This being so, the commission's express intent in recommending these possible statutes to the Legislature is entitled, at the very least, to substantial weight and ordinarily should be followed as being, under the circumstances, the intent of the Legislature. (See

---

[5]The third amended complaint includes an allegation that the officer ordered the motorcyclist to come and tell him what happened. It seems to us that this allegation is unfortunately worded. It might have been better phrased that the officer "summoned" the motorcyclist to him to tell him what happened.

The third amended complaint also contains an allegation that the officer detained the motorcyclist in order to talk to him. It would seem that any such detention would have of necessity been of extremely short duration. Applying the governing principle of liberal construction to determine the effect of a pleading (see Code Civ. Proc., § 452), we construe it as alleging, at most, a detention of the motorcyclist of insignificant duration.

[6]The commission's version of section 818.2 was amended to substitute "law" for "enactment." (4 Cal. Law Revision Com. Rep. (1963) p. 219.) The word "enactment" was retained, however, in section 821. (See Gov. Code, §§ 810.6, 811.)

*Van Arsdale* v. *Hollinger* (1968) 68 Cal.2d 245, 249-250 [66 Cal.Rptr. 20, 437 P.2d 508]; *Arellano* v. *Moreno* (1973) 33 Cal.App.3d 877, 884 [109 Cal.Rptr. 421].) With respect to the immunity of the entity, the commission commented: "This section recognizes that the wisdom of legislative or quasi-legislative action, and the discretion of law enforcement officers in carrying out their duties, should not be subject to review in tort suits for damages if political responsibility for these decisions is to be retained." (4 Cal. Law Revision Com. Rep. (1963) p. 841.) The entity immunity was so construed in *Elton* v. *County of Orange* (1970) 3 Cal.App.3d 1053, 1059 [84 Cal.Rptr. 27].)

*The Basis for the Possible Liability of These Defendants*

The injury plaintiff alleged in his third amended complaint was the virtual destruction of any opportunity on his part to obtain compensation for his physical injuries from the apparent tortfeasor, the motorcyclist, by reason of the officer's negligence in the conduct of his investigation of the traffic accident in failing to obtain the motorcyclist's identity. What is involved under these allegations is not the discretion of Officer Loxsom in deciding whether to investigate the traffic accident, pursuant to the discretionary authority vested in him by Vehicle Code section 2412 (see *McCarthy* v. *Frost* (1973) 33 Cal. App.3d 872, 874-875 [109 Cal.Rptr. 470]), but instead only his negligence in his conduct of the discretionary investigation. Neither the discretionary immunity of Government Code section 820.2, nor the more specific discretionary immunity of failure to enforce a statute (Gov. Code, §§ 821, 818.2) immunizes the officer and the state from the legal consequences of this negligence. (See *McCorkle* v. *City of Los Angeles* (1969) 70 Cal.2d 252, 261-262 [74 Cal.Rptr. 389, 449 P.2d 453].) ▇ Government, through its agents, is held to the same standard of care the law requires of private citizens in the performance of duties imposed or assumed. (See *Sava* v. *Fuller* (1967) 249 Cal.App.2d 281, 290 [57 Cal.Rptr. 312]; Gov. Code, § 815.2, subd. (a).)

We think that possible liability of the officer and the state in this case is indicated by our reasoning in the aforementioned decision of this panel, *Mann* v. *State of California, supra,* 70 Cal.App.3d 773. There, we said that the lack of police protection immunity granted by Government Code section 845, extends essentially only to protection against crime and to that resulting from budgetary neglect. It does not extend to negligence as such. (*Id.* at pp. 778-779.) There, we also said that a

special relationship in tort law obtained between the California highway patrol officer there involved and the stranded motorists by reason of their dependence on his expertise. (*Id.* at pp. 779-780.) Here, the completely disabled and apparently incompetent plaintiff was likewise completely dependent on Officer Loxsom following the traffic accident.

## DISPOSITION

The judgment of dismissal is reversed for further proceedings consistent with the views expressed in this opinion.

Allport, J., and Potter, J., concurred.

A petition for a rehearing was denied February 21, 1980, and respondents' petition for a hearing by the Supreme Court was denied April 10, 1980. Clark, J., Richardson, J., and Manuel, J., were of the opinion that the petition should be granted.