[Civ. No. 66255. Second Dist., Div. Four. May 17, 1983.]

LORENZA HERNANDEZ, Plaintiff and Appellant, v.
SOUTHERN CALIFORNIA RAPID TRANSIT DISTRICT,
Defendant and Respondent.

COUNSEL

Kessler & Drasin and Gary Kessler for Plaintiff and Appellant.

Leach & Schneider and James T. Biesty for Defendant and Respondent.

OPINION

**McCLOSKY, Acting P. J.—**

### NATURE OF THE CASE

Lorenza Hernandez appeals from the trial court's August 19, 1981, order dismissing this action as to respondent Southern California Rapid Transit District. (Code Civ. Proc., § 581, subd. 3.) Said order of dismissal was filed after respondent's demurrer to appellant's complaint was sustained without leave to amend.

### CONTENTIONS

Appellant contends (1) that she properly pled a cause of action for negligence against respondent and (2) that respondent is not immune from liability under Government Code sections 820.2, 820.8, or 845.

### FACTS

On April 17, 1981, appellant filed a complaint for wrongful death against respondent, Hector Holguin, and certain Does alleging[1] that her son, John Placentia, was killed on August 22, 1980, by Holguin who was riding as a pay-

---

[1]We take those allegations, well pleaded, as true. (See *Thompson* v. *County of Alameda* (1980) 27 Cal.3d 741, 746 [167 Cal.Rptr. 70, 614 P.2d 728, 12 A.L.R.4th 701].)

ing passenger on a bus that was owned and operated by respondent Southern California Rapid Transit District (hereafter SCRTD).

In the first cause of action of her complaint, appellant alleged that after entering said bus and:

"[W]hile said bus was moving, defendant HOLGUIN, DOES 1 through 2 inclusive, and decedent proceeded to engage in a loud and boisterous argument and yelled at one another and otherwise acted in a loud, boisterous and unruly manner, thereby greatly disturbing others on the bus.

"Said loud, boisterous and unruly conduct continued until defendant HOLGUIN, DOES 1 through 2 inclusive, shot and killed decedent on said bus which was at that time traveling near 419 So. Spring Street.

"At all times material herein, defendants and each of them, had a duty to its passengers, as a common carrier, to use the utmost reasonable care to protect its passengers including decedent from all foreseeable risks of harm.

"At all times material herein, it was foreseeable by defendants, and each of them, that passengers on the bus would be subject to unreasonable risks of harm in that defendants and each of them knew, or should have known, that the area surrounding . . . , where decedent was killed, was known to be an area plagued by excessive violence including but not limited to murders, rapes, assaults, batteries and robberies; and further that defendants and each of them knew, or should have known, that the number of violent crimes on Southern California Rapid Transit District buses were increasing and was the cause of increased injuries and harm to SCRTD bus drivers and passengers; and further that defendants, and each of them, knew or should have known that buses traveling the route or line on which decedent was shot and killed were known to be targets of criminal violence against bus drivers and passengers; and further that defendants, and each of them knew or should have known that dangerous or deadly weapons would be carried onto said bus by paying passengers thereby greatly increasing the likelihood of acts of violence in buses; and further that defendants, and each of them, knew or should have known that the arguing and the loud, boisterous and unruly conduct between defendant HOLGUIN and decedent would result in harm to someone on said bus; and further that defendants and each of them knew or should have known, that security on said bus and within said bus system was inadequate to protect persons on said buses.

"At all times material herein, defendants and each of them, breached their duty of due care by failing to provide adequate training for bus drivers in responding properly to criminal violence as hereinbefore mentioned; and further that defendants, and each of them, were aware of said loud, boisterous and

unruly conduct and with such knowledge failed to take such action as was reasonable and necessary to prevent injury to decedent and other SCRTD bus passengers; and further that defendants, and each of them, negligently failed to provide adequate security to protect persons on said buses from the criminal violence in the areas surrounding said bus routes and lines.

"As a proximate result of said negligence of defendants and each of them, decedent died on August 22, 1980."

In her second cause of action appellant incorporated by reference the first cause of action and alleged, among other things, that respondent violated Civil Code section 2100 which establishes the general duty of care owed by common carriers to their passengers. It provides: "A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill."

Respondent demurred to appellant's complaint on the grounds (1) that it failed to state a cause of action upon which relief could be granted, (2) that respondent did not owe appellant a duty of care, and (3) that respondent is immune from liability under Government Code sections 815.2, 820.2, 820.8 and 845. (Code Civ. Proc., § 430.10.)

On August 19, 1981, respondent's demurrer was sustained without leave to amend, the court having found respondent immune from liability under Government Code section 845. The order dismissing respondent from this action was filed the same day, and this appeal followed.

### Discussion

The liability of public entities is governed by the California Tort Claims Act (Gov. Code, § 810 et seq.). The statutory provisions of the act establish immunity from liability for certain acts or omissions of a public entity or its employees. (See Gov. Code, § 815.)[2]

---

[2]Government Code section 815 provides: "Except as otherwise provided by statute:

"(a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

"(b) The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person."

■ Government Code section 845 immunizes public entities, such as respondent,[3] from liability for failure to provide police protection.[4] It provides: "Neither a public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection is provided, for failure to provide sufficient police protection service."

"Since all California governmental tort liability flows from the California Tort Claims Act [citations], the plaintiff must plead facts sufficient to show his cause of action lies outside the breadth of any applicable statutory immunity." (*Keyes* v. *Santa Clara Valley Water Dist.* (1982) 128 Cal.App.3d 882, 885-886 [180 Cal.Rptr. 586].) This appellant did not do.

Appellant's basic allegation that the damages she suffered from the death of her son were proximately caused by respondent's breach of its duty to provide its passengers with adequate police protection is insufficient. In the absence of a "special relationship," Government Code section 845 immunizes respondent for its failure to do so. Where, however, there exists a "special relationship" between the public entity and plaintiff, liability may be imposed irrespective of any grant of immunity set forth in Government Code section 845. (*Hartzler* v. *City of San Jose* (1975) 46 Cal.App.3d 6 [120 Cal.Rptr. 5]; cf. *Mann* v. *State of California* (1977) 70 Cal.App.3d 773 [139 Cal.Rptr. 82].)

Appellant did not, and cannot,[5] allege the existence of a "special relationship" that would take her cause of action outside the breadth of Government Code section 845. Hence, she has failed to plead facts essential to establish statutory liability under the act.

---

[3]Public Utilities Code section 30000 et seq. establishes the Southern California Rapid Transit Law under which the term "district" is defined as the "Southern California Rapid Transit District," (Pub. Util. Code, § 30004) which is a "*public corporation* created for the purposes set forth in this part." (Pub. Util. Code, § 30101; italics added.)

Under Government Code section 811.2, the term "[p]ublic entity includes the State, the Regents of the University of California, a county, city, district, public authority, public agency, and any other political subdivision or *public corporation* in the State." (Italics added.)

[4]Appellant's contention that Government Code section 845 is inapplicable because it only applies when a police department is being sued is without merit. The language of section 845, the Law Revision Commission comment to section 845, and the case law refutes this contention. (See, e.g., *Moncur* v. *City of Los Angeles* (1977) 68 Cal.App.3d 118 [137 Cal.Rptr. 239] [§ 845 applied to City of Los Angeles and members of the airport commission].)

The Law Revision Commission comment to Government Code section 845 states: "This section grants a general immunity for failure to provide police protection or for failure to provide enough police protection. Whether police protection should be provided at all, and the extent to which it should be provided, are political decisions which are committed to the policy-making officials of government. To permit review of these decisions by judges and juries would remove the ultimate decision-making authority from those politically responsible for making the decisions."

[5]At the hearing on the demurrer, appellant informed the court that she had no basis for further amendment of her complaint.

We conclude that the trial court properly sustained respondent's demurrer without leave to amend, and in light of that conclusion, we need not, and do not, discuss respondent's other claims of immunity.

The judgment (partial order of dismissal) is affirmed.

Amerian, J., and Willett, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.