## N. Y. COMMON PLEAS.

ADAM WEBER, respondent, agt. HORATIO N. FERRIS and others, appellants.

Where defendants indemnify the sheriff and direct him to go on and sell property in possession of and claimed by the plaintiff as owner, he being in fact the owner, they will be held liable as original trespassers, notwithstanding the proceeds of the sale was applied to an execution levied prior to that of the defendants.

*General Term, January,* 1868.

*Before* DALY, BRADY *and* BARRETT, *Judges.*

THE defendants had judgment and execution against the plaintiff's vendor, upon which they indemnified the sheriff, who thereupon sold out all of the plaintiff's property, and applied a part of the proceeds to a prior execution under which a formal levy had been made.

The referee found as a fact that the plaintiff's purchase from the defendant in the execution was *bona fide* and that he was the owner of the property seized and sold.

S. B. CUSHING, *for appellant.*
CHAS. FRAZER, *for respondent.*

*By the court,* BARRETT, J. This appeal presents no questions of law and, after a careful review of the case, we find ample evidence to sustain the referee's findings of fact.

The defendants as indemnitors and directors of the sheriff are liable as original trespassers (*Herring* agt. *Hoppock,* 15 *N. Y. R.,* 409; *Fonda* agt. *Van Horne,* 15 *Wend.,* 631; *Davis* agt. *Newkirk,* 5 *Den.,* 92; *Root* agt. *Chandler,* 10 *Wend.,* 110; *Allen* agt. *Crary,* 10 *Wend.,* 349). There is nothing in the point that the goods had been previously levied upon under a prior execution. That was a mere formal and technical levy which the officer would not have pressed without

Weber agt. Ferris.

an indemnity. It was made in the ordinary routine of duty, without instructions from the plaintiff in the execution. The seizure and sale of the goods and their consequent loss to the plaintiff resulted from the special instructions and indemnity given, upon their execution, by the present defendants. The application of the proceeds of the trespass was immaterial and the fact that they went to satisfy the first execution did not tend to mitigate the damages. The trespass consisted in the seizure of all the property, and the defendants, as directors and indemnitors, are liable for its full value. If they were unwilling to assume so great a responsibility, the particular part of the property upon which a levy was to be risked should have been pointed out and separated.

The judgment should be affirmed.