[S. F. No. 436.   Department One.—September 26, 1896.]

WILLIAM F. MARCH, Respondent, v. S. B. BARNET ET AL., Defendants.   JACOB STEEN, Appellant.

Review upon Appeal — Judgment against One of Several Defendants—Demurrer—Findings.—Upon appeal from a judgment rendered only against one of several defendants, and in favor of the other defendants, objections made upon demurrer to the complaint affecting the defendants not appealing, and any lack of findings upon issues of fact pertaining to them, will not be reviewed or considered.

Promissory Note— Satisfaction of Judgment against Indorser—Liability of Maker to Indorser. — Where judgment was recovered against the maker and indorser of a promissory note, and satisfied out of the property of the indorser, the indorser is entitled to recover the amount of the note from the maker.

Id.—Duty of Indorser—Costs of Sale.—As respects the owner of the judgment, it was the duty of the indorser to pay the amount of the judgment without a levy and sale of his property; and the maker is not liable to the indorser for the costs of the sale of his property, but only for the balance actually applied upon the judgment, with interest thereon.

Appeal from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial.   J. H. Logan, Judge.

The facts are stated in the opinion of the court.

*Z. N. Goldsby*, for Appellant.

Plaintiff's whole complaint is framed upon the theory that defendants have all conspired to perpetrate a fraud

upon plaintiff, but there are no findings on these questions. If these averments be true, defendants are joint conspirators, and are necessarily jointly, and not severally, liable. (Civ. Code, sec. 1431; Cooley on Torts, 124, 125.)

*W. D. Storey*, for Respondent.

So far as the appellant is concerned, the demurrer was properly overruled, as the complaint clearly did contain sufficient allegations to hold him, no matter how defective it may have been as against the other defendants. (*Bleven* v. *Freer*, 10 Cal. 172.) The judgment against the appellant is amply supported by the allegations and proofs. (*Mondran* v. *Goux*, 51 Cal. 151; *Reed* v. *Norton*, 99 Cal. 617.)

Garoutte, J.— One Button recovered a judgment against Steen and March, the maker and indorser respectively of a certain promissory note. He assigned the judgment to Barnet. Barnet's assignee took out execution and levied upon the property of March. Under execution sale this property to the extent of $770 was applied to the payment of the judgment and costs of sale. The present action is brought by March against Steen, Barnet, and others, who were assignees of the judgment at certain times, for the sum of $1,400. The complaint alleges the value of March's property levied upon and sold to be that sum, and charges the defendants with conspiracy in making the levy, etc. The trial court rendered judgment against Steen for the sum of $770, and also rendered judgment in favor of the other defendants for their costs. Steen appeals from the judgment and order denying his motion for a new trial.

The judgment being in favor of all the defendants except the appellant Steen, it becomes unnecessary to pass upon many of the objections made to the complaint by demurrer. For the same reason any lack of findings upon issues of fact pertaining to the defendants not appealing will not be considered. Indeed, it is somewhat

difficult to determine the exact theory upon which plaintiff formulated his complaint. And, as far as this appellant is concerned, both the complaint and findings largely abound in matters of surplusage. But it does appear by both complaint and findings that a judgment was rendered against Steen, the maker, and March, the indorser, of a certain promissory note; and it further appears that March's property was levied upon, sold, and the proceeds applied to the satisfaction of that judgment. These facts created a liability against Steen and in favor of March. For, if March had voluntarily paid the judgment, he would have had a cause of action against Steen for the amount paid; and he had the same cause of action when his property was sold by the sheriff and the proceeds applied upon the judgment. Such liability appearing by both complaint and findings, we see no necessity for a reversal of the judgment and a new trial.

It appears that while plaintiff's property brought $770 at a forced sale, still only $596.10 were credited upon the execution returned to the court, the balance being applied to the payment of the costs of sale. As to the owner of the judgment, it was the duty of the plaintiff March to pay the entire amount without a levy and sale of his property, and we see no reason why Steen should be liable for the costs of the sheriff in selling March's property. (See *Simpson* v. *Griffin*, 9 Johns. 131.) Steen only received a benefit from March to the extent of the amount of money actually applied upon the judgment, and that amount measured his liability.

The superior court, therefore, erred in giving to the plaintiff a judgment against Steen for $770 instead of the $596.10, and it is accordingly directed to modify the judgment, and to enter judgment in favor of the plaintiff against Steen for the sum of $596.10, with interest thereon from June 10, 1892, and costs; and, as so modified, the judgment and order will stand affirmed.

HARRISON, J., and VAN FLEET, J., concurred.