## MARCH v. BARNET et al.[*]

### S. F. No. 704; November 17, 1897.

#### 51 Pac. 20.

**Attachment—Sureties on Bond to Release.**—Plaintiff in an action on a note attached the property of one of the defendants, who gave an undertaking for the release of the attached property under the statute. Held, that where plaintiff obtained a judgment on the note against the defendants, it fixed the liability of the sureties on the undertaking, given to release the attachment to the extent of the undertaking.

**Attachment—Sureties on Bond to Release.**—In attachment against two defendants, the property of one only was seized, and an undertaking was executed to release the same. Judgment was recovered on the note sued on, and paid by one of the sureties on the attachment bond. Held, that under Civil Code, section 2848, providing that sureties on satisfying the obligation can enforce every remedy which the creditor then has against the principal, to the extent of reimbursing what he has expended, such surety could enforce the judgment on assignment to him against both of the parties, though the property of one only was attached.

**Bills and Notes.**—Where a Judgment is Recovered Against the Maker and Indorser of a note, and the property of the maker is attached, and the surety on the bond given to release the attachment pays the judgment recovered, and afterward collects the same from the indorser of the note, the only remedy of the indorser is against the maker of the note.

APPEAL from Superior Court, Santa Cruz County; J. H. Logan, Judge.

Action by William F. March against S. Barnet and others. From a judgment in favor of certain of the defendants, plaintiff appeals. Affirmed.

W. D. Story for appellant; Z. N. Goldsby for respondents.

SEARLS, C.—Action to recover $1,400 and interest for the alleged wrongful taking and sale of certain personal property of the plaintiff. Judgment of dismissal was entered as to C. S. Laumeister, one of the defendants. Final judgment was rendered in favor of plaintiff and against defend-

---

[*]For subsequent opinion in bank, see 121 Cal. 419, 66 Am. St. Rep. 44, 53 Pac. 933.

ant Jacob Steen for $943.41 and costs, and in favor of the defendants S. Barnet, I. Blum, Joseph Blum and J. H. Jacobs for their costs of suit. Plaintiff appeals from so much of the judgment as is in favor of said defendants Barnet, Blum, Blum and Jacobs. The cause was tried by the court, without a jury, and comes up on the judgment-roll without a bill of exceptions.

In October, 1890, O. B. Button brought an action against Jacob Steen, John Ross and W. F. March, the plaintiff herein, on a promissory note made by said Steen, payable to John Ross or order, and by him indorsed to plaintiff, March, who in turn, before maturity, indorsed the same to Button. A writ of attachment issued in said cause, which was levied upon the property of defendant Jacob Steen. Thereupon S. Barnet and one G. Bowman entered into an undertaking in the sum of $600 for the release of said attached property, as prescribed by section 540 of the Code of Civil Procedure, whereby they undertook and agreed to pay any judgment plaintiff might obtain, etc., whereupon the attached property was released. Plaintiff Button obtained judgment against Steen, as maker of said note, and March, as indorser thereof, for $625.97 and costs, the suit having been dismissed as to defendant John Ross. S. Barnet, one of the sureties on the undertaking for the release of the attached property, paid to Button the judgment in full, amounting to $666.39, and took from Button an assignment of the judgment against Steen and March. Barnet assigned the judgment to Isaac Blum, who in turn assigned it to Joseph Blum. The latter caused an execution to issue thereon, which was levied by the then sheriff, C. S. Laumeister, upon one share or interest of March (a defendant in that action and the plaintiff in this) in and to the schooner John Ingalls, of the value of $1,000, which was sold for $770 to Joseph Blum, who transferred the same to J. H. Jacobs. The defendants, and each of them, had due notice of the relation which said Barnet bore to the judgment, and that he was a surety on the undertaking, at the dates of the several assignments; and their object was to have the property of the plaintiff herein seized in satisfaction of said judgment, to protect Steen against said judgment, and to reimburse Barnet for the amount paid by him to Button, the judgment creditor, upon taking an assignment of the judgment.

When, in the absence of fraud or collusion, the plaintiff, Button, in the former suit, obtained judgment therein against Jacob Steen, the maker, and William F. March, the indorser, of the note, it fixed the liability of S. Barnet, as a surety on the undertaking to release the attached property, to plaintiff in that action, to the extent of the undertaking, viz., $600: Freeman on Judgments, sec. 180; Black on Judgments, sec. 587. "A surety, upon satisfying the obligation of the principal, is entitled to enforce every remedy which the creditor then has against the principal to the extent of reimbursing what he has expended": Civ. Code, sec. 2848. The defendants in the former action, viz., Steen and March, were the principals for whom Barnet became liable upon his undertaking. True, it was the property of Steen which was attached, and which was released therefrom upon the execution of the undertaking, but the liability which Barnet agreed to meet was that of both the defendants. Their relation as between themselves was that of maker and indorser of a note, but as between them and their creditor, Button, who was plaintiff in the action, they were each equally liable; and, when afterward Barnet paid off the judgment in full against them, he was entitled, under section 2848, supra, to the assignment of the judgment which he received from Button, and to enforce it by execution against them, to the extent of reimbursing what he had expended, and to the further extent to which he had advanced money due on the judgment so assigned to him. The right which Barnet had by virtue of the statute and of his assignment he could assign to others, and the question of notice cuts no figure in the case. A party holding a general judgment against two or more persons may, at his option, enforce it against either or any of them, leaving them to adjust their rights as between themselves as may be conformable to law and equity. Barnet paid off the judgment for which Steen and March were liable, and, in all justice and law, was entitled to be reimbursed. March, who is the plaintiff here, seems to have indulged the impression that, because he was but an indorser, he could enforce, as against all the defendants here, the rights to which he was entitled as against Steen, the maker of the note. We cannot concur with him in this view, and, as he has a judgment against Steen, we think he has recovered all to which he was

entitled. As was said by Garoutte, J., when this case was here on the appeal of Jacob Steen (114 Cal. 377, 46 Pac. 152): "As to the owner of the judgment, it was the duty of the plaintiff, March, to pay the entire amount without a levy and sale of his property." We may add that if he failed to do so, and permitted his property to be taken and sold in satisfaction of such judgment, he is, as against the respondents, without redress. We recommend that the judgment appealed from be affirmed.

We concur: Belcher, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment appealed from is affirmed.