[S. F. No. 704. In Bank.—July 13, 1898.]

WILLIAM F. MARCH, Appellant, v. S. BARNET et al., Respondents.

SURETYSHIP—BOND FOR RELEASE OF ATTACHMENT—PAYMENT OF JUDGMENT—PRINCIPAL AND INDORSER—LIMITED SUBROGATION.—In an action upon a promissory note, where judgment was rendered against the principal, and an indorser as such, and a bond for release of attachment against the property of the principal had been given, at his request and for his benefit, conditioned solely that if judgment should be recovered against him, the sureties would on demand pay the same, though each of the sureties became a party to the judgment against the principal, and was bound to pay it upon his default, yet there was no privity between him and the indorser, and as between them he remained a stranger to the judgment. Upon

payment of the judgment by one of the sureties, he simply performs the obligation of the principal, and can only look for reimbursement to him, and is entitled to be subrogated to the rights of the judgment creditors only as against the principal; and he has no more right to enforce the judgment against the indorser than the principal would have, if he had paid the judgment.

ID.—SEIZURE OF PROPERTY OF INDORSER—TRESPASS—DAMAGES.—The seizure and sale of the property of the indorser by the surety who paid the judgment, or his assignee, in pretended satisfaction of the judgment, for the reimbursement of the surety, was an unlawful taking of such property, and constitutes a naked trespass in those participating therein, for which they are jointly and severally liable to the indorser in the full value of the property taken, with interest from the date of the taking.

ID.—LAW OF CASE—RIGHT OF CONTRIBUTION—RECOVERY AGAINST TRESPASSERS.—A decision rendered upon a former appeal by the principal debtor, as to the right of contribution of the indorser against him, upon seizure and sale of his property upon execution, to which seizure the principal debtor was not a party, is not the law of the case, to preclude a recovery of damages against the parties who had wrongfully seized the property, whose rights were not considered or passed upon on the former appeal.

ID.—WAIVER OF MISJOINDER.—Where the parties against whom damages are sought for the trespass have not pleaded a misjoinder of causes of action against them, and against the principal debtor for contribution, and merely insist that there is no right of action against them, the objection to the misjoinder of causes is waived, and a recovery may be had against them for the trespass.

APPEAL from a judgment of the Superior Court of Santa Cruz County. J. H. Logan, Judge.

The facts are stated in the opinion of the court.

W. D. Storey, for Appellant.

Z. N. Goldsby, for Respondents.

VAN FLEET, J.—When this cause was in Department an opinion was rendered affirming the judgment, but subsequently the judgment of the Department was set aside and the cause ordered to a hearing in Bank.

The action is to recover for the alleged wrongful taking of certain personal property of the plaintiff. The material facts, as found by the court, were these:

In October, 1890, O. M. Button brought an action against Jacob Steen and John Ross and W. F. March, the plaintiff herein, on a promissory note made by said Steen payable to John Ross, or order, and by him indorsed to plaintiff March, who in turn, before maturity, indorsed the same to Button. A writ of attachment issued in said cause, which was levied upon the property of defendant Jacob Steen.

Thereupon S. Barnet and one G. Bowman entered into an undertaking for the release of said attached property, as prescribed by section 540 of the Code of Civil Procedure, whereby they undertook and agreed to pay any judgment plaintiff in that action might obtain against the defendant Steen, whereupon the attachment was released.

Button obtained judgment in that action against Steen as maker of said note, and March as indorser thereof, for six hundred and twenty-five dollars and ninety-seven cents and costs, the suit having been dismissed as to defendant Ross; the findings upon which the judgment was based expressly disclosing the fact that Steen was the maker and March an indorser of the note.

On April 18, 1892, Barnet paid that judgment to Button and took an assignment of it. On May 17, 1892, defendant Barnet assigned the judgment to defendant Isaac Blum, who on May 31, 1892, assigned it to Joseph Blum, having first taken out an execution and placed it in the hands of the sheriff of San Francisco, instructing him to seize and sell the interest of March in the schooner "Ingalls," which, under the further direction of Joseph Blum, the sheriff proceeded to do, selling said property to said Joseph Blum on May 28, 1892, for seven hundred and seventy dollars, which interest was then and there of the value of one thousand dollars. Before making the sale the sheriff demanded an indemnifying bond, which was given by defendants Isaac Blum, Joseph Blum and J. H. Jacobs. Joseph Blum transferred his purchase to J. H. Jacobs on the day of the sale, and Jacobs at once took possession of the same, and held it at the commencement of the action. At all these times, from the payment of the Button judgment by Barnet until the sale and transfer of March's interest in the schooner, each of the defendants S. Barnet, Isaac Blum, Joseph Blum,

and J. H. Jacobs had full notice of the relation sustained by said S. Barnet to that judgment, as surety for Steen; and said transfers from Barnet to Isaac Blum, from Isaac Blum to Joseph Blum, and from Joseph Blum to Jacobs, were made with the intention on the part of each of them "to have said property of plaintiff seized under said execution and sold so as to protect said Steen against said judgment, and to reimburse said S. Barnet for the amount paid by him to said O. M. Button when he took said assignment."

Upon these findings the court below gave plaintiff a judgment as against defendant Steen for nine hundred and forty-three dollars and forty-one cents, and costs, but denied him any relief as against defendants S. Barnet, Isaac Blum, Joseph Blum, and J. H. Jacobs—the action having been theretofore dismissed as to defendant Laumeister.

Plaintiff appeals from so much of the judgment as is in favor of the defendants Barnet, the Blums and Jacobs, the appeal being upon the judgment-roll, without a bill of exceptions.

In the Department opinion it was assumed that by his undertaking to release the attachment in *Button v. Steen et al.,* Barnet obligated himself on behalf of both Steen and March to meet any liability which should be cast upon them, or either of them, by the judgment in that case; and this assumption of fact dominated the conclusion there reached. Were such the case, the reasoning of that opinion—that upon paying the judgment in that case Barnet became subrogated to the rights of Button, the judgment creditor, as against both Steen and March, and entitled to enforce it indifferently against either—would be logical and the conclusion reached obvious.

But it is quite apparent that the assumed existence of the fact upon which that theory of the case rests is based upon a misapprehension of the findings. The findings do not show that Barnet became obligated upon behalf of both Steen and March; to the contrary, they show very clearly that the undertaking given by Barnet was given solely at the request and for the benefit of Steen, and to release his property, and that the obligation Barnet assumed thereby was only that in case the plaintiff in the action, Button, "recovered judgment therein

against said Jacob Steen," he would on demand pay, etc. There was nothing in the terms of the undertaking, or the relation of the parties, which, either as a matter of fact or matter of law, made Barnet responsible for any obligation of March, or which in any way made March a party to Barnet's undertaking. The undertaking made Barnet the surety of Steen, but it created no obligation or privity between Barnet and March. And while in becoming Steen's surety Barnet thereby made himself a party to the judgment and became bound to pay it upon Steen's default (Brandt on Suretyship and Guaranty, sec. 408; Freeman on Judgments, sec. 180; Black on Judgments, 587; *Riddle v. Baker*, 13 Cal. 296, 306), as between himself and March he remained a stranger to the judgment.

When, therefore, Barnet paid the judgment he was performing solely the obligation of his principal, Steen, and his right to subrogation was confined to the rights of the judgment creditor as against Steen; and he was entitled to look for reimbursement only to the latter. In other words, as put in the books, he "stood in the shoes" of his principal, and he had precisely the same rights which the latter would have had, and none other. (Civ. Code, sec. 2847; Freeman on Judgments, secs. 470, 471; Brandt on Suretyship and Guaranty, secs. 242, 260, 270; *Fitch v. Hammer*, 17 Colo. 591.)

It is obvious that, had Steen himself paid the judgment, he could not have looked to March for reimbursement. While as to Button they were equally liable, as between themselves Steen, as maker of the note, was ultimately responsible to March. (*March v. Barnet*, 114 Cal. 375.) Since, therefore, Steen would have had no right to enforce the judgment against the plaintiff March, neither had Barnet such right. (Brandt on Suretyship and Guaranty, sec. 227, and authorities above cited.)

Consequently, when the property of plaintiff was seized and sold in pretended satisfaction of such judgment for the reimbursement of Barnet, the taking was clearly unlawful, and constituted a naked trespass in those participating therein, for which they were jointly and severally liable to plaintiff in the full value of the property taken. (*Lewis v. Johns*, 34 Cal. 629; *Weber v. Ferris*, 37 How. Pr. 102; *Lovejoy v. Murray*, 3 Wall. 1; *Davis v. Newkirk*, 5 Denio, 92.)

As the findings show that all of the respondents participated in said taking, the plaintiff was clearly entitled, under the facts found, to a judgment against them for the value of the property, with interest from the date of the taking. In fact, had he asked it, plaintiff would have been entitled to a judgment for punitive damages, since respondents are found to have had full knowledge of the relation of Barnet to the judgment which they procured to be enforced, and were also charged with notice of plaintiff's rights in the premises. The taking was, therefore, to be regarded as malicious.

Respondents make the point that on a former appeal in this case (*March v. Barnet, supra*) this court construed the action as being merely one for contribution by March, a surety, against Steen, the principal, in which it was held that March was entitled to recover against Steen only to the extent that the proceeds of his property had been applied toward the satisfaction of the judgment against Steen; and, say the respondents, the construction given to the complaint on that appeal is the law of the case, and, the action having been held to be one of the character indicated, no recovery can be had therein against these respondents. But there was nothing decided on that appeal which in any way conflicts with or militates against the conclusion that we reach on this, and the doctrine of the law of the case may not be invoked. That was an appeal by Steen from the judgment which was rendered against him as above stated, and all that this court was then dealing with was the rights as between the plaintiff here and Steen. What was there held as to the liability of Steen was clearly proper, since the findings do not show that he participated in the unlawful taking of plaintiff's property, and he was, therefore, not answerable in tort. The question as to the sufficiency of the pleadings or findings to authorize a judgment against these respondents was not before the court on that appeal, and was in no way considered; nor did the court pretend to fix the character of the action as against these respondents.

There was no objection taken by the demurrer of a misjoinder of causes of action, and the respondents have not pressed their demurrer on the ground of misjoinder of parties defend-

ant. Their entire argument in support of their demurrer is that "the demurrer should have been sustained as to these respondents." We construe this as an attack only upon the general ground of a want of facts; and, manifestly, the demurrer was properly overruled upon that ground.

The other points made by respondents are sufficiently answered by what is said above in the discussion of the merits.

The judgment in favor of respondents is reversed and the cause remanded, with directions to the court below to enter judgment for plaintiff upon the findings against said respondents for one thousand dollars, found to be the value of the property, together with legal interest from the date of the taking, and for costs of the action and of this appeal.

Harrison, J., Garoutte, J., McFarland, J., Temple, J., and Beatty, C. J., concurred.