[No. 56.  First Appellate District.—September 15, 1905.]

ALVARETTA L. MARCH, Administratrix of William F. March, Deceased, Appellant, v. S. BARNET, JACOB STEEN, ISAAC BLUM, JOSEPH BLUM, and I. H. JACOBS, Respondents.

ACTION FOR CONVERSION—JUDGMENT FOR DAMAGES—LESSER LIABILITY OF ONE DEFENDANT—PAYMENT—CREDIT UPON JUDGMENT—SATISFACTION.—In an action for damages for the wrongful conversion of plaintiff's property by sale thereof under execution, found to be of the value of one thousand dollars at the time of the taking, for which sum, with interest, judgment was rendered against three defendants, while as to a fourth defendant the judgment was limited to a less sum, in which the proceeds of sale had been applied to his use, after payment by him of such less sum, the other defendants are entitled to credit therefor upon the judgment against them, and upon payment of the residue of one thousand dollars, with interest and costs of suit, are entitled to a satisfaction of the judgment.

ID.—BENEFIT OF EXECUTION SALE.—The plaintiff by accepting such less sum from one of the defendants has availed himself to that extent of the benefit of the execution sale, and is only entitled to the residue to the extent to which he has been injured thereby.

APPEAL from an order of the Superior Court of Santa Cruz County recalling and quashing an execution and ordering entry of satisfaction of judgment. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

W. D. Storey, for Appellant.

Dinkelspiel & Jacobs, and Lindsay & Netherton, for I. H. Jacobs, Respondent.

HALL, J.—This is an appeal by plaintiff from an order of the trial court quashing and recalling an execution and ordering the entry of satisfaction of the judgment that had been rendered in favor of plaintiff.

This action was brought by William F. March, and on his death Alvaretta L. March, as administratrix of his estate, was substituted as plaintiff.

In the complaint it is alleged in substance that theretofore an action had been brought by one Button against said Jacob Steen, as maker of a certain promissory note and said William F. March as indorser thereof; that an attachment had been issued and property of Steen levied upon; that to secure the release of said property said S. Barnet and one Bowman entered into an undertaking whereby they undertook to pay any judgment that might be rendered against Steen, and thereupon the attachment was released. Subsequently in said action judgment was recovered against Steen, as maker, and March, as indorser, for the sum of $625.97. Thereupon Barnet paid said judgment, and took an assignment thereof from Button. Subsequently Barnet assigned said judgment to Isaac Blum, who shortly after assigned it to Joseph Blum, having first taken out execution and placed the same in the hands of the sheriff, with instructions to seize and sell the interest of March in the schooner Ingalls, which, under the further directions of Joseph Blum, the sheriff did, selling the said interest of March to Joseph Blum for seven hundred and seventy dollars. (Said interest was alleged to be of the value of fourteen hundred dollars, but was found by the court to be of the value of one thousand dollars.) Before making the sale the sheriff demanded an indemnifying bond, which was given by the Blums and I. H. Jacobs. Joseph Blum, on the day of the sale, transferred his purchase to I. H. Jacobs, who at the beginning of the suit still held the same. Of the amount realized on the sale $596 was credited on the execution, the balance being applied to costs of sale, etc.

Each of the defendants at said sale and at the time of said assignment of said judgment had notice of the relation that Barnet bore to said judgment, and knew that he was a surety on said undertaking for the release of the attachment on Steen's property; that said transfers from Barnet to Isaac Blum, from Isaac Blum to Joseph Blum, and from Joseph Blum to I. H. Jacobs, were made with the purpose on the part of each of the parties thereto to have the said property of plaintiff seized under said execution and sold to reimburse Barnet for the amount he had paid on the judgment against Steen; that Steen instigated and aided and abetted the other defendants in said matters, and that all the other defendants

actively participated therein. Judgment was demanded for fourteen hundred dollars, interest, and costs.

The court found the facts as above set forth, save that it did not find that Steen instigated, aided, or abetted the proceeding, and rendered judgment for plaintiff against Steen for seven hundred and seventy dollars, and interest from the date of said sale and costs, but gave judgment for the other defendants.

The defendant Steen took an appeal from the judgment against him, and the plaintiff appealed from that portion of the judgment in favor of the other defendants.

Upon the hearing of the appeal taken by Steen the judgment was modified by reducing the amount to the sum of $596, the amount actually credited on the judgment (*March v. Steen*, 114 Cal. 375, [46 Pac. 152]), he being held liable upon the ground that by the sale under execution of property of plaintiff and the application of the proceeds to the payment of a judgment for which, as between plaintiff and Steen, Steen was primarily liable, plaintiff was entitled to recover of Steen the amount which he, plaintiff, had in effect paid on the judgment against Steen.

Steen promptly paid this judgment to one Devoe, the assignee thereof.

Subsequently the appeal of plaintiff as against Barnet, the Blums, and Jacobs was decided, and judgment ordered upon the findings against said last-named defendants for one thousand dollars, the value of the property of plaintiff which it was determined had been wrongly seized and sold by these defendants, and interest from the date of the sale and costs. (*March v. Barnet*, 121 Cal. 419, [66 Am. St. Rep. 44, 53 Pac. 933].) Upon the entry of judgment in the trial court plaintiff caused execution to issue for the full amount thereof, giving no credit for the amount that had previously been paid by Steen, and levied on property of this respondent, I. H. Jacobs.

Jacobs moved the court to recall said execution, and before the hearing of the motion paid to the sheriff the balance due on such judgment, after deducting from the amount of the judgment entered against Barnet, the Blums, and Jacobs the amount theretofore paid by Steen. The court granted the motion, and ordered the entry of full satisfaction of the judgment.

The appellant claims the right to collect the full amount of the judgment entered against the co-defendants of Steen without giving any credit for the amount paid by Steen, while the respondent claims that he is entitled to a credit for the amount paid by his co-defendant Steen.

This latter contention we think to be correct. The action was brought to recover damages resulting to plaintiff from the wrongful taking of his property. It was found that the property taken was of the value of one thousand dollars. As a result of the litigation between these parties, it has finally been adjudicated and determined that plaintiff's property was wrongfully taken and converted to his damage in the sum of one thousand dollars, the value of the property at the time of the conversion, and interest from said time. It has also been determined that Barnet, the two Blums, and Jacobs are jointly and severally liable to plaintiff for the entire amount of such damage, while Steen is liable only to the extent to which the proceeds of the property wrongfully converted were applied to his use. Notwithstanding the form in which the judgment was finally entered,—$596 against Steen, and one thousand dollars against Barnet, Blum, and Jacobs,—it is plain from the entire record that it is but one judgment for one thousand dollars damages, for which Barnet, the Blums, and Jacobs are liable for the entire amount and Steen for $596 only. Plaintiff has now been paid the one thousand dollars which the court determined to be the full value of his property wrongfully converted, together with interest from the date of conversion and costs of suit. By collecting from Steen the $596 realized from the execution sale, he has availed himself to that extent of the benefit of that sale.

The orders are affirmed.

Harrison, P. J., and Cooper, J., concurred.

A petition to have the cause heard by the supreme court after judgment in the district court of appeal, was denied by the supreme court on November 14, 1905.