[L.A. No. 31613. June 23, 1983.]

CHARLES BIGBEE, Plaintiff and Appellant, v.
PACIFIC TELEPHONE AND TELEGRAPH COMPANY et al.,
Defendants and Respondents.

COUNSEL

Binder & Cacciatore and Thomas P. Cacciatore for Plaintiff and Appellant.

Robert M. Ralls, Bart Kimball, Waters, McCluskey & Corcoran, Laurence R. Corcoran, Lawler, Felix & Hall, J. Richard Morrissey, Mark V. Berry, Steven J. Miller, John E. Carlson, Springer, Heath, Henrickson & Murry and William C. Heath for Defendants and Respondents.

OPINION

**BIRD, C. J.**—This appeal questions the correctness of a summary judgment entered in favor of four defendants in this personal injury action. The determinative issue is whether, under the evidence presented on the motion, foreseeability remains a question of fact for the jury. (See *Weirum* v. *RKO General, Inc.* (1975) 15 Cal.3d 40, 46 [123 Cal.Rptr. 468, 539 P.2d 36].)

I.

On November 2, 1974, plaintiff, Charles Bigbee, was severely injured when an automobile driven by Leona North Roberts struck the telephone booth in which he was standing. Plaintiff thereafter brought an action for damages against Roberts and the companies allegedly responsible for serving her alcoholic beverages. A settlement was reached as to these defendants. In addition, plaintiff sued the companies allegedly responsible for the design, location, installation, and maintenance of the telephone booth, including Pacific Telephone and Telegraph Company (Pacific Telephone), the owner of the booth, Western Electric Company, Inc. (Western Electric), Western Industrial Services, Inc. (Western Industrial), and D.C. Decker Company (Decker).

Plaintiff sought recovery against the latter defendants[1] on theories of negligence and strict liability in tort. A second amended complaint (hereafter, the complaint), filed in 1978, alleged in substance that on the night of the accident, at approximately 12:20 a.m., plaintiff was standing in a public telephone booth located in the parking lot of a liquor store on Century Boulevard in Inglewood, California. Roberts, who was intoxicated, was driving east along Century Boulevard. She lost control of her car and veered off the street into the parking lot, crashing into the booth in which plaintiff was standing.

---

[1] As used hereafter, the term defendants refers only to these four companies who are the only other parties to this appeal.

Plaintiff saw Roberts' car coming toward him and realized that it would hit the telephone booth. He attempted to flee but was unable to do so. According to the allegations of the complaint, the telephone booth was so defective in design and/or manufacture, or so negligently installed or maintained that the door to the booth "jammed and stuck, trapping" plaintiff inside. Had the door operated freely, he averred, he would have been able to escape and would not have suffered injury.

Additionally, plaintiff alleged that the telephone booth was negligently located in that it was placed too close to Century Boulevard, where "traffic . . . travelling easterly, generally and habitually speeded in excess of the posted speed limit," thereby creating an unreasonable risk of harm to anyone who used the telephone booth.

In September of 1978, Pacific Telephone and Western Electric both demurred to the complaint on the grounds that it failed to state facts sufficient to constitute a cause of action in negligence or in strict liability. The trial court sustained the demurrers without leave to amend.

Plaintiff then sought review of this ruling by petition for writ of mandate. (See generally, *Coulter* v. *Superior Court* (1978) 21 Cal.3d 144, 148 [145 Cal.Rptr. 534, 577 P.2d 669].) The Court of Appeal issued an alternative writ[2] and, after hearing, concluded that the complaint was sufficient to withstand a general demurrer. (*Bigbee* v. *Superior Court* (*Bigbee I*) (1979) 93 Cal.App.3d 451 [155 Cal.Rptr. 545, 17 A.L.R.4th 1298].) Accordingly, the appellate court issued a peremptory writ of mandate directing the trial court to vacate the judgment of dismissal and to overrule the demurrers.

When the case was returned to the trial court, all four defendants filed answers generally denying the material allegations of the complaint. Discovery was conducted and on July 29, 1980, defendants filed a joint motion for summary judgment, arguing that the undisputed facts demonstrated the absence of two elements essential to plaintiff's case. (See Code Civ. Proc., § 437c; *Frazier, Dame, Doherty, Parrish & Hanawalt* v. *Boccardo, Blum, Lull, Niland, Teerlink & Bell* (1977) 70 Cal.App.3d 331, 338, 339 [138 Cal.Rptr. 670].) ■■ ■■■■ More specifically, defendants argued that they had no duty to protect phone booth users from the risk encountered by plaintiff—a car veering off the street and crashing into the phone booth—since that risk was un-

---

[2]The trial court thereafter entered a judgment of dismissal as to Pacific Telephone and Western Electric.

foreseeable as a matter of law.[3] For the same reason, they maintained that Roberts' intervening negligent driving constituted a "superseding cause" of plaintiff's injuries. ■ ■ ■ ■ Therefore, no act or omission of theirs could be found to be a proximate cause of those injuries.[4]

In support of their motion, defendants produced evidence which established, in substance, that the accident occurred in the manner alleged in the complaint, and that plaintiff could have escaped injury had the door to the phone booth not jammed. In addition, several "new facts" were brought before the court.

First, the deposition testimony of Michael Zellis supported plaintiff's assertion that he could have escaped. Zellis was standing next to the phone booth occupied by plaintiff just prior to the accident. He testified that he saw Roberts' car veer toward the booth and that although he waited several seconds before running away, he was able to get out of the car's path and to avoid injury.

Second, the phone booth in which plaintiff was standing when injured was one of two booths located in the parking lot of the Fortune Liquor Store. The booths were situated close to the front wall of the store, between the front door and the sidewalk bordering Century Boulevard, near an entrance to the parking lot. Plaintiff occupied the booth nearest the street, 15 feet to the south of the curb line of Century Boulevard.[5]

Third, Century Boulevard is a six-lane thoroughfare which runs east and west. For several blocks on either side of the liquor store, it is straight and level. The posted speed limit is 35 or 40 miles per hour.

Fourth, Roberts may have been speeding when she lost control of her car. In the opinion of defendants' expert witness, her car was traveling at a speed of 30 to 35 miles per hour when it struck the phone booth.

In opposition, plaintiff introduced declarations which established that this accident was not the first one involving a phone booth at this particular location. On February 13, 1973, some 20 months prior to plaintiff's accident, another

---

[3]A legal duty to use due care is a necessary element of a negligence action. (*United States Liab. Ins. Co.* v. *Haidinger-Hayes, Inc.* (1970) 1 Cal.3d 586, 594 [83 Cal.Rptr. 418, 463 P.2d 770].)

[4]Proximate cause is a necessary element of both negligence and strict products liability actions. (*United States Liab. Ins. Co.* v. *Haidinger-Hayes, Inc., supra,* 1 Cal.3d at p. 594; *Greenman* v. *Yuba Power Products, Inc.* (1963) 59 Cal.2d 57, 62 [27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049].)

[5]A diagram of the scene of the accident, which was prepared by the licensed land surveyor at defendants' request, appears as an appendix to this opinion. See *post,* page 63.

car struck a phone booth in this same location.[6] Following this previous accident, defendants placed three steel "bumper posts" between the phone booths and the parking lot. No such posts were placed between the booths and Century Boulevard.

In addition, plaintiff introduced a telephone company manual which states that telephone booth doors, when operating normally, "should open with a slight pull on the handle . . . ."

At the hearing on the motion, which was held on August 27, 1980, the dispute between the parties centered on whether the evidence presented triable issues of fact as to the questions of duty and proximate cause. At the close of argument, the court granted the motion and entered a judgment of dismissal.[7]

This appeal by the plaintiff followed.

## II.

 ██ Defendants contend that their duty to use due care in the location, installation, and maintenance of telephone booths does not extend to the risk encountered by plaintiff[8] and that neither their alleged negligence in

---

[6]In its answers to plaintiff's interrogatories, Pacific Telephone suggests that the former accident was caused by a car backing into the telephone booth. However, it would appear that this suggestion is based on sheer conjecture as the company admits that the accident occurred "during the night" and was caused by a "hit-and-run driver."

The company also states that the prior accident caused only "minor damage." The record indicates that the accident necessitated the replacement of the phone booth.

[7]Since the trial court granted defendants' motion for summary judgment, the court did not consider Western Electric's alternative request for a finding that it did not participate in the siting of the telephone booth. Accordingly, that issue is not before this court.

[8]The few courts which have considered whether the company or companies responsible for the location, installation or maintenance of a telephone booth have a duty to exercise due care in carrying out these activities have concluded that such a duty exists. (See generally, Annot., Liability of Telephone Company for Injury Resulting From Condition or Location of Telephone Booth (1982) 17 A.L.R.4th 1308, 1309.) Moreover, although this court has not ruled on this precise issue, well settled principles of law would require the recognition of a duty to use due care.

The relationship between a telephone company and a user of its instrumentalities is that of invitor and invitee. (*Jaehne* v. *Pacific Tel. & Tel. Co.* (1951) 105 Cal.App.2d 683, 687 [234 P.2d 165].) It is, of course, settled law that "one who invites another to do business with him owes the invitee the duty to exercise reasonable care to prevent his being injured on 'the premises.'" (*Schwartz* v. *Helms Bakery Limited* (1967) 67 Cal.2d 232, 239 [60 Cal.Rptr. 510, 430 P.2d 68]; accord *Jaehne* v. *Pacific Tel. & Tel. Co., supra,* at p. 688 [telephone company owes users of its instrumentalities "the duty of maintaining its property in a reasonably safe condition, and of exercising reasonable care in protecting [them] from injury through its negligence"].) Further, an independent contractor hired to perform any of the aforementioned activities would have a duty "commensurate with" or "analogous to" that of the telephone company toward the company's invitees. (See generally, *Chance* v. *Lawry's, Inc.* (1962) 58 Cal.2d 368, 376-379 [24 Cal.Rptr. 209, 374 P.2d 185].)

carrying out these activities nor any defect in the booth was a proximate cause of plaintiff's injuries. These contentions present the same issue in different guises. Each involves this question—was the risk that a car might crash into the phone booth and injure plaintiff reasonably foreseeable in this case? (See, e.g., *Weirum v. RKO General, Inc., supra,* 15 Cal.3d 40, 45-46; *Akins v. County of Sonoma* (1967) 67 Cal.2d 185, 198-199 [60 Cal.Rptr. 499, 430 P.2d 57]; see generally, 2 Harper & James, Law of Torts (1956) §§ 18.2, 20.5, at pp. 1022, 1141-1143; Rest.2d Torts, § 281, coms. e, f and h; see also *Cronin v. J.B.E. Olson Corp.* (1972) 8 Cal.3d 121, 127 [104 Cal.Rptr. 433, 501 P.2d 1153].)

█ Ordinarily, foreseeability is a question of fact for the jury. (*Weirum v. RKO General, Inc., supra,* 15 Cal.3d 40, 46.) It may be decided as a question of law only if, "under the undisputed facts there is no room for a reasonable difference of opinion." (*Schrimscher v. Bryson* (1976) 58 Cal.App.3d 660, 664 [130 Cal.Rptr. 125]; accord *Richards v. Stanley* (1954) 43 Cal.2d 60, 66 [271 P.2d 23]; see generally, Rest.2d Torts, § 453, com. b.) Accordingly, this court must decide whether foreseeability remains a triable issue in this case. █ If any triable issue of fact exists, it is error for a trial court to grant a party's motion for summary judgment. (Code Civ. Proc., § 437c[9]; see generally, *Stationers Corp. v. Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal. Rptr. 449, 398 P.2d 785].)

█ █ █ █ There is a threshold question as to whether the facts assumed to be true by the court in *Bigbee I, supra,* 93 Cal.App.3d 451[10] and the facts presented in this case are sufficiently different to permit this court to redecide the question as to whether foreseeability is a triable issue.

In *Bigbee I,* the Court of Appeal impliedly determined that under the facts alleged in the complaint, foreseeability was a question of fact for the jury and could not be decided adversely to plaintiff as a matter of law. (See 93 Cal.App.3d at pp. 454-456; see generally, 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 802, p. 2415.) Under the doctrine known as the "law of the case," this court would ordinarily be required to adhere to that ruling—even if erroneous—unless the evidence presented on the second appeal were substantially different.

---

[9]Section 437c of the Code of Civil Procedure provides that summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether the papers show that there is no triable issue as to any material fact the court shall consider all of the evidence set forth in the papers, . . . and all inferences reasonably deducible from such evidence, [but] *summary judgment shall not be granted by the court based on inferences reasonably deducible from such evidence, if contradicted by other inferences or evidence, which raise a triable issue as to any material fact."* (Italics added.)

[10]In ruling on a demurrer, the court assumes the truth of all facts properly pleaded in a complaint. (See generally, 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 800, p. 2413.)

■ "[Q]uestions presented and decided by [an] appellate court upon appeal from a judgment on demurrer become the law of the case, and are not open to question on a subsequent appeal" unless the evidence " 'is substantially different in a material respect.' " (*Blatz Brewing Co.* v. *Collins* (1948) 88 Cal.App.2d 438, 444, 445 [160 P.2d 37]; accord *Penziner* v. *West American Finance Co.* (1937) 10 Cal.2d 160, 169 [74 P.2d 252]; *Pacific Gas & Elec. Co.* v. *Minnette* (1953) 115 Cal.App.2d 698, 707 [252 P.2d 642]; see generally, *People* v. *Shuey* (1975) 13 Cal.3d 835, 840-842 [120 Cal.Rptr. 83, 533 P.2d 211].)[11]

However, this rule applies only to those parties who appealed and whose rights were affected by that prior appeal. (*March* v. *Barnet* (1898) 121 Cal. 419, 424 [53 P. 933]; see also *Penziner* v. *West American Finance Co.*, *supra*, 10 Cal.2d at p. 169; see generally 5 Cal.Jur.3d, Appellate Review, § 653, p. 383.) Pacific Telephone and Western Electric were the only defendants who were parties to the *Bigbee I* proceeding. The rights of Western Industrial and Decker were not determined in that proceeding. Therefore, in order to determine whether summary judgment was properly granted as to them, this court must consider anew the question of foreseeability.[12]

■ Turning to the merits of this case, the question presented is a relatively simple one. Is there room for a reasonable difference of opinion as to whether the risk that a car might crash into the phone booth and injure an individual inside was reasonably foreseeable under the circumstances set forth above?

■ In pursuing this inquiry, it is well to remember that "foreseeability is not to be measured by what is more probable than not, but includes whatever is likely enough in the setting of modern life that a reasonably thoughtful [person] would take account of it in guiding practical conduct." (2 Harper & James, Law of Torts, *supra*, § 18.2, at p. 1020.) One may be held accountable for creating even " 'the risk of a slight possibility of injury if a reasonably prudent [person] would not do so.' " (*Ewart* v. *Southern Cal. Gas Co.* (1965) 237 Cal.App.2d 163, 172 [46 Cal.Rptr. 631], quoting from *Vasquez* v. *Alameda* (1958) 49 Cal.2d 674, 684 [321 P.2d 1] (dis. opn. of Traynor, J.); see also *Crane* v. *Smith* (1943) 23 Cal.2d 288, 299 [144 P.2d 356]; see generally, Rest.2d Torts, § 291.) Moreover, it is settled that what is required to be

---

[11]This rule applies even though the prior appellate opinion was rendered in an extraordinary writ proceeding, and even though the subsequent appeal comes before this court whereas the prior proceeding was before the Court of Appeal. (*Price* v. *Civil Service Com.* (1980) 26 Cal.3d 257, 267, fn. 5 [161 Cal.Rptr. 475, 604 P.2d 1365].)

[12]If this court were to conclude, contrary to the decision in *Bigbee I*, that foreseeability may be determined adversely to plaintiff as a matter of law, then and only then would it be necessary to determine whether the similarity in the evidence in the two proceedings requires a finding that Pacific Telephone and Western Electric are bound by the holding in *Bigbee I*.

foreseeable is the general character of the event or harm—e.g., being struck by a car while standing in a phone booth—not its precise nature or manner of occurrence. (*Taylor* v. *Oakland Scavenger Co.* (1941) 17 Cal.2d 594, 600 [110 P.2d 1044]; *Gibson* v. *Garcia* (1950) 96 Cal.App.2d 681, 684 [216 P.2d 119]; see generally, Rest.2d Torts, § 435, subd. 1, com. a.)

■ Here, defendants placed a telephone booth, which was difficult to exit, in a parking lot 15 feet from the side of a major thoroughfare and near a driveway. Under these circumstances, this court cannot conclude as a matter of law that it was unforeseeable that the booth might be struck by a car and cause serious injury to a person trapped within. A jury could reasonably conclude that this risk was foreseeable. (Cf. *Barker* v. *Wah Low* (1971) 19 Cal.App.3d 710, 723 [97 Cal.Rptr. 85] [reasonable jurors could find that the chance that a car in the parking lot of a drive-in restaurant might strike a patron at the adjacent service counter was foreseeable].) This is particularly true where, as here, there is evidence that a booth at this same location had previously been struck. (See, *ante*, pp. 54-55 and fn. 6.)

Indeed, in light of the circumstances of modern life, it seems evident that a jury could reasonably find that defendants should have foreseen the possibility of the very accident which actually occurred here. Swift traffic on a major thoroughfare late at night is to be expected. Regrettably, so too are intoxicated drivers. (See *Coulter* v. *Superior Court, supra,* 21 Cal.3d 144, 154.) Moreover, it is not uncommon for speeding and/or intoxicated drivers to lose control of their cars and crash into poles, buildings or whatever else may be standing alongside the road they travel—no matter how straight and level that road may be.

Where a telephone booth, which is difficult to exit, is placed 15 feet from such a thoroughfare, the risk that it might be struck by a car veering off the street, thereby causing injury to a person trapped within, cannot be said to be unforeseeable as a matter of law.

It is of no consequence that the harm to plaintiff came about through the negligent or reckless acts of Roberts.[13] "If the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby." (Rest.2d Torts, § 449; accord *Weirum* v. *RKO General, Inc., supra,*

---

[13]The police officer who investigated this accident was of the opinion that Roberts' blood alcohol level was above 0.10 percent, the legal limit. However, no blood alcohol or other chemical sobriety test was done.

15 Cal.3d 40, 46; *Vesely* v. *Sager* (1971) 5 Cal.3d 153, 164 [95 Cal.Rptr. 623, 486 P.2d 151]; *Richardson* v. *Ham* (1955) 44 Cal.2d 772, 777 [285 P.2d 269]; see also *Cronin* v. *J.B.E. Olson Corp.*, *supra*, 8 Cal.3d 121, 126-127.) Here, the risk that a car might hit the telephone booth could be found to constitute one of the hazards to which plaintiff was exposed.

Other courts considering cases presenting factual situations similar to this one have reached precisely the same conclusions. (See, e.g., *Noon* v. *Knavel* (1975) 234 Pa.Super. 198 [339 A.2d 545]; *Brinkley* v. *Southern Bell Telephone & Telegraph Company* (Fla.App. 1977) 353 So.2d 593; see generally, Annot., Liability of Telephone Company for Injury Resulting From Condition or Location of Telephone Booth, *supra*, 17 A.L.R.4th 1308.) In *Brinkley* a car, driven by a person who was allegedly drunk, struck a telephone booth in a shopping center parking lot. The court thought the question of foreseeability was so obviously a triable issue that it reversed a summary judgment for the telephone company in a two-paragraph opinion.

*Noon* v. *Knavel*, *supra*, 339 A.2d 545, involved an accident in which the plaintiff was struck by a car while standing in a telephone booth located on the premises of a gas station. The booth was situated at the bottom of a long downgrade about 10 feet from the edge of the street and about 5 feet from a railroad crossing. The accident occurred when the car's brakes failed and the car ricocheted off a train at the crossing and crashed through the telephone booth. (*Id.*, at pp. 547-548.)

The court affirmed a jury verdict against the telephone company after concluding that the company was under a duty to use due care to protect users of the booth from the accidental, negligent or reckless acts of drivers. The risk of a railroad crossing accident was found to be among the foreseeable hazards which made the location of the booth unreasonably dangerous. Accordingly, the court concluded that the telephone company's negligence, in failing to use due care in positioning the booth, was a proximate cause of plaintiff's injuries. (*Id.*, at pp. 549-552.)

Considering the case law and the circumstances of this case, this court cannot conclude as a matter of law that injury to plaintiff, inflicted by negligent or reckless third party drivers, was unforeseeable. "[J]ust as we may not rely upon our private judgment on this issue, so the trial court may not impose its private judgment upon a situation, such as this, in which reasonable minds may differ." (*Schwartz* v. *Helms Bakery Limited*, *supra*, 67 Cal.2d 232, 244.)[14]

---

[14]With regard to plaintiff's negligence claims, it should be noted that there are no policy considerations which weigh against imposition of liability under the circumstances presented by this case. (Cf., e.g., *Schrimsher* v. *Bryson* (1976) 58 Cal.App.3d 660, 665 [130 Cal.Rptr. 125].) In terms of the various factors suggested by *Rowland* v. *Christian* (1968) 69 Cal.2d 109, 112-113

Since the foreseeability of harm to plaintiff remains a triable issue of fact, the judgment is reversed and the case is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

Mosk, J., Kaus, J., Broussard, J., Reynoso, J., and Bancroft, J.,* concurred.

KRONINGER, J.,* Concurring and Dissenting.—I respectfully disagree with this court's holding that the negligent siting theory of plaintiff's case should be submitted to the trier of fact.

Whether a duty of care is owed in any particular instance is a question of law and "is the court's 'expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.'" (*Weirum* v. *RKO General, Inc.* (1975) 15 Cal.3d 40, 46 [123 Cal.Rptr. 468, 539 P.2d 36].) There are a number of such considerations; "the major ones are the foreseeability of harm to plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved." (*Rowland* v. *Christian* (1968) 69 Cal.2d 108, 113 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496].) Thus, foreseeability is but one of many considerations in weighing the question of whether a duty should be found to exist.

"When . . . the existence of a duty rests on the reasonable foreseeability of injury to the plaintiff, it may become primarily a question for the jury unless reasonable minds cannot differ. Necessarily involved in submitting the case to the jury, however, is a preliminary determination that, granted a foreseeable risk, a duty arises. On the other hand, there are many situations involving foreseeable risks where there is no duty." (*Richards* v. *Stanley* (1954) 43

---

[70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496], it is undisputed that plaintiff suffered serious injury. An affirmative finding on foreseeability by the jury would obviously establish not only "the foreseeability of harm to plaintiff" but also a sufficiently "close[ ] connection between the defendant[s'] conduct and the injury suffered." As to the remaining factors, although defendants' conduct may have been without "moral blame," imposition of liability would further the policy of "preventing future harm." Finally, imposition of liability would not be unduly burdensome to defendants given the probable availability of insurance for these types of accidents which defendants themselves maintain do not recur with great frequency.

This is not to say, of course, that defendants are liable for plaintiff's injury. This court decides only that this question is one that should be reserved for a jury.

*Assigned by the Chairperson of the Judicial Council.

Cal.2d 60, 66 [271 P.2d 23].) Foreseeability does not establish duty; it merely defines its limits.

As the majority points out, some courts in other jurisdictions have reached the majority's result on similar facts, though sometimes with a strong dissent, as in the cited *Noon* v. *Knavel* (1975) 234 Pa.Super. 198 [339 A.2d 545]. However, "[d]eterminations of the duty issue as a matter of law adversely to the plaintiff are particularly common in situations similar to that in the present case, in which the defendant's responsibility for the activities of third persons is involved." (*Richards* v. *Stanley, supra,* 43 Cal.2d at p. 67.) And an equal number of courts in other jurisdictions have found against liability (see, e.g., *Eckerd-Walton, Inc.* v. *Adams* (1972) 126 Ga.App. 210 [190 S.E.2d 490]; *Feldman* v. *Whipkey's Drug Shop* (1970) 121 Ga.App. 580 [174 S.E.2d 474].)

This court recognized in *Richards* that foreseeable risks are inherent in all motoring activities. However, as also pointed out in *Richards,* "The problem is not answered by pointing out that there is a foreseeable risk of negligent driving on the part of [a third person]. There is a foreseeable risk of negligent driving whenever anyone drives . . . ." (*Richards* v. *Stanley, supra,* 43 Cal.2d at p. 65.)

Risk of harm from third persons is similarly inherent and foreseeable in pedestrian activities in proximity to vehicular traffic. By themselves, however, those risks are not deemed unreasonable and accordingly, without more, as a matter of law no one should be said to be under a duty of care to protect others from them, particularly where, as here, there is no reason to believe that the party sought to be charged was in a superior position to foresee the risk of harm.[1]

The location of the telephone booth here, 15 feet from the curb, beside a straight and level roadway, and adjacent to a building, provided, if anything, more protection from the risk of curb-jumping automobiles than the adjacent sidewalk itself. To hold that defendants could be found liable for locating the booth where they did is tantamount to holding that one may be found negligent whenever he conducts everyday activities on or adjacent to the public sidewalk. It will go far toward making all roadside businesses insurers of safety from wayward travelers.

---

[1]The fact that the telephone booth was damaged some years previously cannot be said to have put defendants on any special notice of foreseeable harm from a drunken driver veering off a nearby street. On the contrary, it appears that the source of the previous damage was unknown, and was thus reasonably assumed to have been a vehicle maneuvering in the parking lot where the booth was located. Steps were taken to guard against further damage from that direction.

There is no suggestion of anything defendants might reasonably have done differently with respect to siting except simply not to maintain a telephone booth in the vicinity at all. Public telephones have, in fact, long been maintained adjacent to streets and highways for the convenience of the public, despite the obvious but remote risks. But "virtually every act involves some conceivable danger. Liability is imposed only if the risk of harm resulting from the act is deemed unreasonable—i.e., if the gravity and likelihood of the danger outweigh the utility of the conduct involved." (*Weirum* v. *RKO General, Inc., supra*, 15 Cal.3d at p. 47.) Balancing the gravity and likelihood of danger against the usefulness of conveniently located public telephones, and applying each of the other "considerations" enumerated in *Rowland, supra*, 69 Cal.2d 108, I would opt for encouraging their continued maintenance adjacent to streets and highways, and would hold that on the present facts there arose no duty which could impose liability based on location of the booth.

As to defendant Western Electric Company, Inc., the only evidence on the siting issue was to the effect that such defendant neither had nor exercised any right or duty in selecting the location of the subject telephone booth. I would also affirm as to Western Electric on that issue for that reason.

It does not follow, however, that defendants might not be found liable for injury resulting from defective maintenance. The sticky door, if it existed, increased plaintiff's danger by frustrating effective use of his own self-protective faculties. Needlessly to increase the usual risks could be found negligent by the jury. The risk of a sidewalk-jumping car is a risk a pedestrian might seek to avoid by getting out of the way. Such an occurrence could be deemed not to supersede but to concur with negligently impeding plaintiff's freedom to take protective action. The judgment is properly reversed on that question.

That plaintiff's injuries were not proximately the result of any failure of a duty of care in siting the telephone booth, however, should be held to be "without substantial controversy" (Code Civ. Proc., § 437c, subd. (f)), and the trial court's ruling affirmed to that extent.

APPENDIX