Filed 10/21/24  Heitman v. 1315 Orange Ave LLC CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| LAYLA HEITMAN, Plaintiff and Appellant, v. 1315 ORANGE AVE LLC, Defendant and Respondent. | D083410 (Super. Ct. No. 37-2021-00002705-CU-PO-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Reversed.

Law Offices of Derek J. Wilson and Derek J. Wilson for Plaintiff and Appellant.

Tyson & Mendes, Molly A. Gilardi, Jeffrey R. Siegel, and Aaron Weissman for Defendant and Respondent.

In this premises liability case, Layla Heitman appeals from a summary judgment in favor of 1315 Orange Ave LLC (Orange).  We conclude the trial court erred in ruling, as a matter of law, that Orange's negligence was not a proximate cause of Heitman's injury because reasonable minds can differ as to whether Heitman's conduct, which contributed to her injury, was

foreseeable. We further conclude Orange raised no other grounds on which to affirm the judgment and therefore reverse.

## I.

In June 2019, Heitman suffered a personal injury on the premises of a hotel owned by Orange in Coronado, California. At the time, she was 17 years old and staying at the hotel with friends during summer break. When Heitman went to swim in the hotel pool at around 9:30 a.m., the gate was locked, despite posted hours indicating the pool should be open. She climbed the five-foot-high gate, swam, dried off, and proceeded to climb the gate to exit the pool area. Doing so, she slipped on the top of the gate and cut her right foot on a metal sign affixed to it.

Heitman sued Orange for negligence and premises liability, alleging Orange's "failure to inspect and maintain the property and the condition of the jagged metal pool gate sign foreseeably, directly, proximately and legally caused [her] injuries." She alleged the "location of the sign as well as the sharp edges of [it] posed an unreasonable risk of harm to the public such that it was a dangerous and hazardous condition to patrons visiting [Orange's] hotel." Orange argued there was "no evidence" that it failed to "act reasonably to prevent injury to others; rather, [Heitman's] conduct caused" her injury. Other than the grant deed showing it owned the hotel, the only evidence Orange submitted with its motion was Heitman's complaint and special interrogatory responses. Orange's motion relied on five material facts, none of which Heitman disputed, establishing the accident occurred in the manner alleged.

Based on those undisputed facts, Orange argued it did not breach any duty of care to Heitman because the gate was locked, she elected to climb the gate, and she slipped and injured herself while climbing back over the gate.

2

Regarding causation, Orange argued there was "no evidence" any "dangerous condition of the property or any negligence" on its part caused Heitman's injury. "Rather, the only available evidence in this case shows that [Heitman's] own conduct caused the accident and her alleged injuries." Orange urged "[i]t is unforeseeable that a guest or friend visiting a guest[,] as [Heitman] was[,] would ignore a closed sign on a pool and a locked gate."

In opposition, Heitman argued Orange failed to meet its initial burden of producing evidence to establish it did not breach any duty of care or cause her injury. To the contrary, she urged, Orange's undisputed material facts established breach of a duty and causation. Heitman submitted a declaration stating she swam in the hotel pool the day before with no issue. She declared and submitted evidence showing there was a large sign on the gate indicating the pool was open from 7:00 a.m. to 10:00 p.m. A photograph she submitted shows a rectangular metal sign affixed on the bottom of the gate that cut Heitman's foot, the edges of which extend past vertical bars. Heitman argued this evidence showed (1) Orange failed to meet its duty of care to her and the public by having exposed metal on the gate; and (2) that failure was a substantial contributing factor to her injury. She noted Orange's contentions that she caused her own injury and that it was unforeseeable someone would climb a locked gate amounted to a comparative fault argument improper for summary judgment.

In reply, Orange urged that Heitman's decision to climb the locked gate of a "clearly closed" pool was unreasonable and unforeseeable.

The court ruled there were triable issues of fact as to whether Orange owed a duty to Heitman. While Heitman's "*particular* injuries may not have been reasonably foreseeable . . . , the question as to duty is whether the kind of injury, a cut, was reasonably foreseeable" and it was "reasonably

3

foreseeable that a hotel patron or guest could be injured from a jagged piece of exposed metal on the gate, such as from leaning against the gate or using a leg to hold the gate open" for others.

Regarding causation, the court found "[i]t is undisputed that but for the existence of the jagged metal [Heitman] would not have cut her foot." Yet it ruled Orange "was not the proximate cause" due to "policy considerations"— "namely that a defendant should not be held liable for conduct that [it] could not reasonably foresee." The court found "it is not reasonably foreseeable that a hotel patron or guest would ignore the closed and locked gate and climb the fence." It therefore concluded Orange's conduct in "allowing a jagged piece of metal to be attached to the gate did not proximately cause [Heitman's] injuries." Thus, the court granted Orange's motion for summary judgment.

## II.

### A.

"'Summary judgment is appropriate only "where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law.""" (*Hassaine v. Club Demonstration Services, Inc.* (2022) 77 Cal.App.5th 843, 849-850.) A moving defendant bears the initial burden to show the plaintiff cannot establish one or more elements of a cause of action, or that there is a complete defense to that cause of action. (*Id.* at p. 850.) "If the defendant meets this burden, 'the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to the cause of action or defense thereto.'" (*Ibid.*)

When a summary judgment motion does not "'negate theories of [defendant's] liability, the trial court should [hold] that [the defendant] failed to carry [its] initial burden and stop[ ] there.'" (*Hedayati v. Interinsurance*

4

*Exchange of the Automobile Club* (2021) 67 Cal.App.5th 833, 846.) In that event, "'it is unnecessary to examine the plaintiff's opposing evidence and the motion must be denied.'" (*Mireskandari v. Edwards Wildman Palmer LLP* (2022) 77 Cal.App.5th 247, 256-257.)

We review an order granting summary judgment de novo using the same method as the trial court. (*Jackson v. Ryder Truck Rental, Inc.* (1993) 16 Cal.App.4th 1830, 1836.) "[A]ny doubts as to the propriety of granting a summary judgment motion should be resolved in favor of the party opposing the motion." (*Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 535.)

B.

The trial court erred in concluding Orange's conduct in allowing the metal sign on the pool gate was not a proximate cause of Heitman's injury.

Proximate cause has two aspects. The first, cause in fact, is an act that ""'is a necessary antecedent of an event'""—sometimes referred to as "'but for'" causation. (*State Dept. of State Hospitals v. Superior Court* (2015) 61 Cal.4th 339, 352.) The second aspect of proximate cause focuses on public policy considerations that limit an actor's responsibility for the consequences of the actor's conduct. (*Id.* at p. 353.) "'[I]n certain situations where the defendant's conduct is an actual cause of the harm, the defendant will nevertheless be absolved . . . where it would be considered unjust to hold him or her legally responsible.'" (*Ibid.*, quoting 6 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 1186, p. 553.) Proximate cause is a question of fact that cannot be decided as a matter of law unless "'the facts are such that the only reasonable conclusion is an absence of causation.'" (*State Hospitals*, at p. 353.)

As to the first aspect of proximate cause, Orange argues the "only cause of [Heitman's] injury was her own decision to climb a locked gate knowing

she must climb out." This ignores the reality that "but for" the metal sign on the gate, Heitman would not have cut her foot. Orange did not contend—much less submit any evidence to establish—Heitman cut her foot on anything else. Therefore, Orange did not meet its initial burden of establishing that its conduct was not a cause in fact of Heitman's injury.

The court below granted summary judgment based on the second aspect of proximate cause—specifically, the policy that a defendant should not be held liable for conduct not reasonably foreseeable. Orange argues the court was correct in finding it "not reasonably foreseeable that a hotel patron or guest would ignore the closed and locked gate and climb the fence." Under the correct standards for determining proximate cause at summary judgment, however, this was not unforeseeable as a matter of law.

"The limitation on liability under the second component of proximate cause comes down to the question of foreseeability." (*People v. Carney* (2023) 14 Cal.5th 1130, 1139.) Like proximate cause generally, foreseeability is a question of fact for the jury. "It may be decided as a question of law only if, 'under the undisputed facts there is no room for a reasonable difference of opinion.'" (*Bigbee v. Pacific Telephone and Telegraph Company* (1983) 34 Cal.3d 49, 56.) Thus, "the determinative issue is whether, under the evidence presented on the motion, foreseeability remains a question of fact." (*Id.* at p. 52.) In deciding this issue, the Supreme Court has instructed "it is well to remember that 'foreseeability is not to be measured by what is more probable than not, but includes whatever is likely enough in the setting of modern life that a reasonably thoughtful [person] would take account of it in guiding practical conduct.'" (*Id.* at p. 57.)

In *Hoyem v. Manhattan Beach City School District* (1978) 22 Cal.3d 508, the Supreme Court concluded whether the plaintiff's conduct was

foreseeable was a question of fact. (*Id.* at p. 520.) The issue was whether a school district could be liable for negligent supervision when a pupil leaves the school grounds during school hours and is injured by a motorist. (*Id.* at pp. 512-513.) The school district claimed that, as a matter of law, negligent on-campus supervision could not be the proximate cause of an off-campus injury because it should not be expected to foresee that students will take advantage of a lapse in supervision to leave the premises. Thus, it argued that any off-campus injury was unforeseeable as a matter of law. (*Id.* at p. 520.) The court rejected this argument, reasoning, "children are often tempted to wander off from school, and a jury might well conclude that defendants could have reasonably foreseen that this temptation might be especially strong during summer session when a student's friends might not be in school." (*Ibid.*) Thus, the court could not conclude the plaintiff's departure from school was unforeseeable as a matter of law. (*Ibid.*)

Here, Orange operated a hotel with a pool in Coronado. The undisputed facts established the incident occurred at about 9:30 a.m. during the summer, and the locked gate was only five feet high. A jury could reasonably conclude Orange should have foreseen a hotel patron might climb the gate to use the pool if locked. To the extent Orange relies on evidence the gate had a sign stating "Management reserves the right to deny use of pool to anyone at anytime" and "NO TRESPASSING," Orange did not submit this evidence with its moving papers. It therefore cannot rely on it to meet its initial burden of establishing unforeseeability. (See *Hedayati*, 67 Cal.App.5th at p. 846.) In any event, Heitman's opposing evidence that the same sign stated the pool was open from 7:00 a.m. to 10:00 p.m. and that she swam in the pool the day prior creates a triable issue as to foreseeability. It is likely enough in the setting of modern life that a hotel patron might climb the gate

7

to use the pool under these circumstances.  A jury may well disagree—or assign Heitman considerable comparative fault—but because there is at least room for a reasonable difference of opinion, we cannot conclude as a matter of law that Heitman's conduct was unforeseeable.  (See *Bigbee*, 34 Cal.3d at p. 56.)  Thus, on this record, the factual issue of proximate cause should have been submitted to the jury.  The court erred in granting summary judgment on this ground.

C.

An appellate court will affirm summary judgment if correct on any ground the parties had an adequate opportunity to address in the trial court. (*Schmidt v. Citibank, N.A.* (2018) 28 Cal.App.5th 1109, 1119.)  The only other ground for Orange's summary judgment motion was that it did not breach any duty to Heitman.  On appeal, Orange conflates duty and breach.  We conclude it did not meet its burden of negating either element.

1.

Orange conceded below that it "owed [Heitman] a duty" but contended "it did not breach" that duty.  On appeal, Orange claims it "had no duty to [Heitman] once she climbed a locked fence with a sign that clearly told her 'NO TRESPASSING.'"  As the existence of duty is a pure question of law that Heitman addressed below, we consider the issue.  (*Noe v. Superior Court* (2015) 237 Cal.App.4th 316, 335.)

A hotel owner owes a duty to its patrons to maintain its premises in a reasonably safe condition.  (*Lawrence v. La Jolla Beach & Tennis Club, Inc.* (2014) 231 Cal.App.4th 11, 22.)  Both below and here, Orange does not undertake a fulsome analysis of whether the policy considerations set forth in *Rowland v. Christian* (1968) 69 Cal.2d 108, 112-113 warrant an exception to

that general duty of care. (See *Southern California Gas Leak Cases* (2019) 7 Cal.5th 391, 399.) Instead, Orange focuses solely on foreseeability.

Foreseeability is a crucial factor in determining the existence and scope of a defendant's duty of care. (*John B. v. Superior Court* (2006) 38 Cal.4th 1177, 1189.) Foreseeability in this context is a question of law for the court. (*Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 678.) "A court deciding the issue of the scope of a landlord's duty 'should limit its inquiry to the specific action the plaintiff claims the particular landlord had a duty to undertake in the particular case.'" (*Lawrence*, 231 Cal.App.4th at p. 23.)

We conclude Orange failed to establish that the scope of its duty of care did not extend to taking reasonable measures to prevent hotel patrons from cutting themselves on the pool gate's metal sign. We agree with the trial court it was foreseeable the sign could cut a patron. Thus, Orange did not meet its burden to show it had no duty to prevent the type of injury that occurred in this case. (See *Lawrence*, 231 Cal.App.4th at p. 29.)

Orange's argument on appeal that it "had no duty to [Heitman] once she climbed a locked fence with a sign that clearly told her 'NO TRESPASSING'" fails for two reasons. First, as discussed above, Orange did not submit any evidence of the no trespassing sign with its motion. Therefore, it cannot rely on it to meet its initial burden of production.

Second, and more importantly, Orange's argument improperly focuses on the factual details of the particular incident. Foreseeability for purposes of duty is different from foreseeability "in the fact-specific sense in which we allow juries to consider th[e] question." (*Parsons v. Crown Disposal Co.* (1997) 15 Cal.4th 456, 476.) "[T]he court's task in determining duty 'is not to decide whether a *particular* plaintiff's injury was reasonably foreseeable in light of a *particular* defendant's conduct, but rather to evaluate more

9

generally whether the category of negligent conduct at issue is sufficiently likely to result in the kind of harm experienced that liability may appropriately be imposed.'" (*Cabral v. Ralphs Grocery Co.* (2011) 51 Cal.4th 764, 772.) Exceptions to the general duty of care may be made "only when foreseeability and policy considerations justify a *categorical* no-duty rule." (*Ibid.*, italics added.) This "preserve[s] the crucial distinction between a determination that the defendant owed the plaintiff no duty of ordinary care, which is for the *court* to make, and a determination that the defendant did not breach the duty of ordinary care, which in a jury trial is for the *jury* to make." (*Ibid.*) An approach focusing the duty inquiry on case-specific facts would "'eliminate the role of the jury in negligence cases, transforming the question of whether a defendant breached the duty of care under the facts of a particular case into a legal issue.'" (*Id.* at p. 773.)

Here, it is foreseeable a metal sign affixed to a gate would result in hotel patrons cutting themselves on it, and Orange set forth no policy reasons justifying a categorical exception to the duty of ordinary care to prevent such injury. That (1) Heitman cut herself on the metal sign while climbing over the gate and (2) the gate had a no trespassing sign may be important to the jury's determination of whether Orange breached its duty. Yet those case-specific facts cannot properly be considered in deciding whether Orange owed Heitman a duty. (See *Cabral*, 51 Cal.4th at p. 774.)

Separate from the *Rowland* factors, on appeal, Orange argues it did not owe a duty to Heitman because she was a flagrant trespasser. However, as Orange did not raise this argument below, Heitman did not have an opportunity to respond or submit evidence to create a dispute of fact on the issue. We thus do not consider it. (*Noe*, 237 Cal.App.4th at p. 335.)

2.

10

We turn to what Orange considers the "central issue" in this case: whether Orange breached its duty of care to Heitman. To meet its initial burden, Orange was required to *conclusively* negate the breach element of Heitman's cause of action. (*Taylor v. Financial Casualty & Surety, Inc.* (2021) 67 Cal.App.5th 966, 979.) Orange failed to do so.

Whether a defendant exercised reasonable care is a fact-specific question preserved for the jury. Of course, "[o]n the facts of a particular case, a trial or appellate court may hold that no reasonable jury could find the defendant failed to act with reasonable prudence under the circumstances. Such a holding is simply to say that as a matter of law the defendant *did not breach* his or her duty of care, i.e., was not negligent toward the plaintiff under the circumstances." (*Cabral*, 51 Cal.4th at p. 773.)

Below, Orange argued the following undisputed facts precluded Heitman from proving Orange breached its duty of care: (1) the pool gate was locked, (2) she climbed the gate to use the pool, and (3) she slipped and cut herself while climbing back over the gate. The crux of Orange's argument is that it was unforeseeable a hotel patron would climb the gate. "[T]he jury 'may consider the likelihood or foreseeability of injury in determining whether, in fact, the particular defendant's conduct was negligent in the first place.'" (*Cabral*, 51 Cal.4th at p. 773.) For this purpose, a jury may consider whether a given injury was foreseeable in the fact-specific sense. (*Parsons*, 15 Cal.4th at p. 476.) Yet, for the reasons discussed above, we cannot conclude as a matter of law that it was unforeseeable that a hotel patron would climb the locked gate to use the pool under the circumstances of this case.

Orange also argued "[t]here is no evidence that [it] did not act reasonably to prevent injury." Yet Heitman created a triable issue as to

11

whether Orange breached its duty to exercise ordinary care by submitting a photograph showing the metal sign that cut her foot was rectangular, with its edges extending past the vertical bars of the gate. And evidence that the gate had a no trespassing sign does not conclusively establish Orange satisfied its duty of care. To the contrary, a reasonable jury could find that a reasonably prudent hotel owner in Orange's position would have taken other measures to prevent an injury like Heitman's by, for example, rounding the corners and edges of the rectangular sign.

## III.

We reverse the judgment. Heitman is entitled to her costs on appeal.


CASTILLO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


O'ROURKE, J.